UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN HANKS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK; VOYA RETIREMENT INSURANCE AND ANNUITY COMPANY, formerly known as Aetna Life Insurance and Annuity Company,<br><br>Defendants. | Civil Action No. 16-cv-6399<br><br>**DEFENDANT VOYA RETIREMENT INSURANCE AND ANNUITY COMPANY'S ANSWER** |

Defendant Voya Retirement Insurance and Annuity Company (formerly known as Aetna Life Insurance and Annuity Company) ("VRIAC") hereby answers the Complaint of Plaintiff Helen Hanks ("Plaintiff" or "Hanks") filed on August 11, 2016 (the "Complaint"), as follows:

1. VRIAC admits that its predecessor, Aetna Life Insurance and Annuity Company ("ALIAC"), issued Plaintiff's life insurance policy and that Plaintiff purports to bring this action as a class action on behalf of members of an alleged class, but denies that Plaintiff has brought a proper class action and that Plaintiff is entitled to any relief from VRIAC. VRIAC denies the remaining allegations in paragraph 1.

2. VRIAC refers to the Plaintiff's policy and to the individual policies of each purported class member for their respective terms. VRIAC denies the remaining allegations in paragraph 2.

3. VRIAC refers to the Plaintiff's policy and to the individual policies of each purported class member for their respective terms. VRIAC denies the remaining allegations in paragraph 3.

4. VRIAC states that The Lincoln Life & Annuity Company of New York ("LLANY") provided notice in 2016 to certain owners of policies issued by VRIAC and certain insurance intermediaries that the cost of insurance ("COI") rates for those VRIAC policies would increase. VRIAC denies the remaining allegations in paragraph 4.

5. VRIAC states that the increase in cost of insurance rates alleged in paragraph 5 was permitted and justified under the terms of Plaintiff's policy and the individual policies of each purported class member. VRIAC denies the remaining allegations in paragraph 5 except to the extent they state a legal conclusion, for which no response is required.

6. VRIAC refers to the Plaintiff's policy and to the individual policies of each purported class member for their respective terms. VRIAC denies the remaining allegations in paragraph 6 except to the extent they state a legal conclusion, for which no response is required.

7. VRIAC states that Plaintiff alleges she is the owner of the policy attached to the Complaint. VRIAC refers to Plaintiff's policy for its terms. VRIAC states that Plaintiff's policy was subject to an increase in cost of insurance rates in 2016. VRIAC is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 7.

8. VRIAC is without knowledge or information sufficient to form a belief as to the first sentence of paragraph 8. VRIAC states that LLANY sent a notice to Plaintiff regarding her policy. VRIAC denies the remaining allegations in paragraph 8.

9. VRIAC admits that it is a corporation organized under the laws of the State of Connecticut. VRIAC states that prior to January 9, 2014 it was known as ING Life Insurance

and Annuity Company and admits that prior to January 1, 2002 it was known as Aetna Life Insurance and Annuity Company.  VRIAC admits that ALIAC issued Plaintiff's policy.

10.     VRIAC denies the allegations in paragraph 10 except to the extent they state a legal conclusion, for which no response is required.

11.     The first part of the sentence in paragraph 11 states a legal conclusion, for which no response is required.  VRIAC is without knowledge or information sufficient to form a belief as to the second part of the sentence in paragraph 11.  VRIAC admits that LLANY acts as VRIAC's administrative agent with respect to the administration of the VRIAC policies that are the subject of the Complaint.  VRIAC denies the remaining allegations in paragraph 11.

12.     VRIAC is without knowledge or information sufficient to form a belief as to paragraph 12 except to the extent it states a legal conclusion, for which no response is required.  VRIAC denies the remaining allegations in paragraph 12.

13.     VRIAC refers to the Plaintiff's policy and to the individual policies of each purported class member for their respective terms.  VRIAC denies the remaining allegations in paragraph 13.

14.     VRIAC refers to the Plaintiff's policy and to the individual policies of each purported class member for their respective terms.  VRIAC denies the remaining allegations contained in paragraph 14.

15.     VRIAC refers to the Plaintiff's policy for its terms and to the individual policies of each purported class member for their respective terms.  VRIAC denies the remaining allegations in paragraph 15.

16. VRIAC refers to the Plaintiff's policy and to the individual policies of each purported class member for their respective terms. VRIAC denies the remaining allegations in paragraph 16.

17. VRIAC states that in 1998, LLANY, The Lincoln National Life Insurance Company ("Lincoln National"), ALIAC[1] and Aetna Life Insurance Company ("ALIC") entered into a series of agreements, including but not limited to: (i) a Second Amended and Restated Asset Purchase Agreement dated as of May 21, 1998 by and among ALIC, ALIAC, Lincoln National, and LLANY (a copy of which, without attachments, is attached hereto as Exhibit 1) (the "Purchase Agreement"); (ii) a Coinsurance Agreement dated as of October 1, 1998 between ALIAC and Lincoln National (a copy of which, without attachments, is attached hereto as Exhibit 2) (the "ALIAC/Lincoln National Coinsurance Agreement"); (iii) a Coinsurance Agreement dated as of October 1, 1998 between ALIAC and LLANY (a copy of which, without attachments, is attached hereto as Exhibit 3) (the "ALIAC/LLANY Coinsurance Agreement"); (iv) a Coinsurance Agreement dated as of October 1, 1998 between ALIC and Lincoln National (a copy of which, without attachments, is attached hereto as Exhibit 4) (the "ALIC/Lincoln National Coinsurance Agreement"); (v) a Coinsurance Agreement dated as of October 1, 1998 between ALIC and LLANY (a copy of which, without attachments, is attached hereto as Exhibit 5) (the "ALIC/LLANY Coinsurance Agreement"); (vi) a Modified Coinsurance Agreement dated as of October 1, 1998 between ALIAC and Lincoln National (a copy of which, without attachments, is attached hereto as Exhibit 6) (the "ALIAC/Lincoln National Modified Coinsurance Agreement"); (vii) a Modified Coinsurance Agreement dated as of October 1, 1998 between ALIAC and LLANY (a copy of which, without attachments, is attached hereto as

---

[1] VRIAC was formerly known as ALIAC and as ING Life Insurance and Annuity Company.

Exhibit 7) (the "ALIAC/LLANY Modified Coinsurance Agreement"); (viii) an Administrative Services Agreement dated as of October 1, 1998 by and among ALIC, ALIAC, and LLANY (a copy of which, without attachments, is attached hereto as Exhibit 8) (the "LLANY Administrative Services Agreement"); and (ix) an Administrative Services Agreement dated as of October 1, 1998 by and among ALIC, ALIAC, and Lincoln National (a copy of which, without attachments, is attached hereto as Exhibit 9) (the "Lincoln National Administrative Services Agreement").  In connection with those agreements, Lincoln National also entered into a letter agreement with Aetna Retirement Services, Inc. dated October 1, 1998 (a copy of which is attached hereto as Exhibit 10).  Pursuant to these agreements, LLANY and Lincoln National provided reinsurance and administrative services for the ALIAC policies that were subject to the 1998 transaction.  In 2007, ALIAC (then known as ING Life Insurance and Annuity Company), Lincoln National, and LLANY entered into an Assignment and Assumption Agreement (a copy of which is attached as Exhibit 11).  Pursuant to that agreement, Lincoln National assigned and transferred to LLANY, among other things, all right, title, and interest in and to, and delegated all its obligations and duties under, the Purchase Agreement, the ALIAC/Lincoln National Coinsurance Agreement, and the Lincoln National Administrative Services Agreement except for certain obligations that it retained.  VRIAC refers to the agreements described in this paragraph for their terms.  VRIAC denies the remaining allegations in paragraph 17 except to the extent that they state a legal conclusion, for which no response is required.

      18.     VRIAC refers to the agreements in paragraph 17 above for their terms.  VRIAC states that LLANY has referred to itself as VRIAC's administrative agent and reinsurer in communications regarding the increase in cost of insurance rates alleged in paragraph 18.  VRIAC denies the remaining allegations in paragraph 18.

19. VRIAC denies the allegations in paragraph 19.

20. VRIAC denies the allegations in paragraph 20.

21. VRIAC admits that its policyholders are in contractual privity with VRIAC, and that VRIAC is the only insurance company counterparty to those life insurance contracts. VRIAC denies the remaining allegations in paragraph 21 except to the extent that they state a legal conclusion, for which no response is required.

22. VRIAC denies the allegations in paragraph 22 except to the extent that they state a legal conclusion, for which no response is required.

23. VRIAC denies the allegations in paragraph 23 except to the extent that they state a legal conclusion, for which no response is required.

24. VRIAC denies the allegations in paragraph 24 except to the extent that they state a legal conclusion, for which no response is required.

25. VRIAC states that LLANY provided notice to certain owners of policies issued by VRIAC and certain insurance intermediaries that the cost of insurance rates for those VRIAC policies would increase. VRIAC refers to those communications for their terms. VRIAC denies the remaining allegations in paragraph 25.

26. VRIAC refers to the Plaintiff's policy and to the individual policies of each purported class member for their respective terms. VRIAC denies the remaining allegations in paragraph 26.

27. VRIAC refers to the Plaintiff's policy and to the individual policies of each purported class member for their respective terms. VRIAC denies the remaining allegations in paragraph 27 except to the extent they state a legal conclusion, for which no response is required.

28.     VRIAC refers to the Plaintiff's policy and to the individual policies of each purported class member for their respective terms.  VRIAC denies the remaining allegations in paragraph 28 except to the extent they state a legal conclusion, for which no response is required.

29.     VRIAC denies the allegations in paragraph 29.

30.     VRIAC denies the allegations in paragraph 30 except to the extent they state a legal conclusion, for which no response is required.

31.     VRIAC refers to the agreements cited in paragraph 17 above for their terms.  VRIAC denies the remaining allegations in paragraph 31 except to the extent they state a legal conclusion, for which no response is required.

32.     VRIAC refers to the agreements cited in paragraph 17 above for their terms.  VRIAC further states that LLANY recommended to VRIAC a change in the cost of insurance rates for certain VRIAC policies.  VRIAC further states that on April 22, 2016, VRIAC sent a letter to LLANY in which VRIAC agreed to follow LLANY's recommendation.  A true and correct copy of VRIAC's April 22, 2016 letter to LLANY is attached hereto as Exhibit 12.  VRIAC denies the remaining allegations in paragraph 32 except to the extent that they state a legal conclusion, for which no response is required.

33.     VRIAC refers to Plaintiff's policy for its terms.  VRIAC refers to LLANY's public filings for their terms.  VRIAC denies the remaining allegations in paragraph 33 except to the extent that they state a legal conclusion, for which no response is required.

34.     VRIAC admits that Plaintiff purports to bring this action on behalf of a class, but denies that this action can properly be pursued or maintained as a class action, that Plaintiff is a qualified class representative, and that class or individual relief is available from VRIAC.

35. VRIAC denies the allegations in paragraph 35 except to the extent that it states a legal conclusion, for which no response is required.

36. VRIAC denies the allegations in paragraph 36 except to the extent that it states a legal conclusion, for which no response is required.

37. VRIAC denies the allegations in paragraph 37 except to the extent that it states a legal conclusion, for which no response is required.

38. VRIAC denies the allegations in paragraph 38 except to the extent that it states a legal conclusion, for which no response is required.

39. VRIAC denies the allegations in paragraph 39 except to the extent that it states a legal conclusion, for which no response is required.

40. VRIAC denies the allegations in paragraph 40 except to the extent that it states a legal conclusion, for which no response is required.

41. VRIAC denies the allegations in paragraph 41 except to the extent that it states a legal conclusion, for which no response is required.

## FIRST CLAIM FOR RELIEF
### Breach of Contract against VRIAC (on behalf of Plaintiff, and the 2016 COI Increase Class)

42. VRIAC realleges and incorporates its responses to the paragraphs above as if fully set forth herein.

43. VRIAC states that the allegations in paragraph 43 are legal conclusions to which no response is required.

44. VRIAC denies the allegations in paragraph 44 except to the extent that it states a legal conclusion, for which no response is required.

45. VRIAC denies the allegations in paragraph 45 except to the extent that it states a legal conclusion, for which no response is required.

46. VRIAC denies the allegations in paragraph 46 except to the extent that it states a legal conclusion, for which no response is required.

## SECOND CLAIM FOR RELIEF
### Unjust Enrichment against LLANY (on behalf of Plaintiff and the 2016 COI Increase Class)

47. VRIAC realleges and incorporates its responses to the paragraphs above as if fully set forth herein.

48. VRIAC denies the allegations in paragraph 48 except to the extent that it states a legal conclusion, for which no response is required.

49. VRIAC denies the allegations in paragraph 49 except to the extent that it states a legal conclusion, for which no response is required.

50. VRIAC denies the allegations in paragraph 50 except to the extent that it states a legal conclusion, for which no response is required.

## PRAYER FOR RELIEF

No response to the Prayer for Relief is required as no new allegations are contained therein.  To the extent necessary, VRIAC denies that Plaintiff is entitled to any relief.

## DEMAND FOR JURY TRIAL

No response to the Demand for Jury Trial is required as no new allegations are contained therein.  To the extent necessary, VRIAC denies that Plaintiff is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

The affirmative defenses and special defenses below are directed to "Plaintiffs," by which is meant both Plaintiff and members of any purported class.

**FIRST DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred by the statute of limitations, laches, and the statute of repose.

**THIRD DEFENSE**

Plaintiffs have waived and released their claims against VRIAC.

**FOURTH DEFENSE**

Plaintiffs are barred from asserting or recovering any damages or receiving any relief because of the doctrine of equitable estoppel.

**FIFTH DEFENSE**

VRIAC is not liable because Plaintiffs ratified or otherwise acquiesced to the actions that are the subject of the Complaint.

**SIXTH DEFENSE**

Plaintiffs' claims against VRIAC are barred, in whole or in part, because Plaintiffs have suffered no damages.

**SEVENTH DEFENSE**

Plaintiffs have failed, in whole or in part, to mitigate any alleged damages.

**EIGHTH DEFENSE**

Plaintiffs' claims against VRIAC are barred because of the doctrine of assumption of risk.

**NINTH DEFENSE**

Plaintiffs' claims are barred by the voluntary payment doctrine.

**TENTH DEFENSE**

Plaintiffs' claims are barred by lack of causation.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred because at all times VRIAC has acted in good faith.

**TWELFTH DEFENSE**

VRIAC has not knowingly or voluntarily waived any applicable affirmative or special defense and reserves the right to assert, and rely upon, such additional affirmative defenses to the Complaint as may become available or apparent as discovery progresses in this action.

DATED November 1, 2016					BOIES, SCHILLER & FLEXNER LLP


					 /s/ Alan B. Vickery
					Alan B. Vickery
					avickery@bsfllp.com
					John F. LaSalle
					jlasalle@bsfllp.com
					575 Lexington Avenue, 7th Floor
					New York, New York 10022
					Telephone:	212.446.2300
					Facsimile:	212.446.2350

					Motty Shulman
					mshulman@bsfllp.com
					Evelyn Fruchter
					efruchter@bsfllp.com
					333 Main Street
					Armonk, New York 10504
					Telephone:	914.749.8200
					Facsimile:	914.749.8300

					*Attorneys for Defendant Voya Retirement Insurance and Annuity Company*