# EXHIBIT 44

**Unjust Enrichment Elements in 50 States, D.C., and Puerto Rico**

| GROUP 1 | |
|---|---|
| **States in which the elements of an unjust enrichment claim are: (1) a benefit conferred on the defendant; (2) at the plaintiff's expense; (3) under circumstances that would make retention of the benefit unjust** | |
| **State** | **Elements** |
| California | The elements for a claim of unjust enrichment are "receipt of a benefit and unjust retention of the benefit at the expense of another." <br><br> *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1132, 167 Cal. Rptr. 3d 832, 855 (Cal. Ct. App. 2014), as modified on denial of reh'g (Feb. 27, 2014) |
| Colorado | "The test for recovery under an unjust enrichment theory requires a showing that (1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." <br><br> *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008) |
| Connecticut | "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." <br><br> *Town of New Hartford v. Conn. Res. Recovery Auth.*, 291 Conn. 433, 451–52, 970 A.2d 592, 609–10 (2009) (quoting *Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 282–83, 649 A.2d 518 (1994)) (internal quotation marks omitted) |
| Hawaii | "A claim for unjust enrichment requires only that a plaintiff prove that he or she 'confer[red] a benefit upon' the opposing party and that the 'retention [of that benefit] would be unjust.'" <br><br> *Durette v. Aloha Plastic Recycling, Inc.*, 105 Haw. 490, 504, 100 P.3d 60, 74 (Haw. 2004) (quoting *Small v. Badenhop*, 67 Haw. 626, 635–36, 701 P.2d 647, 654 (Haw. 1985)), as corrected (Nov. 1, 2004) <br><br> "In order for Plaintiffs to prevail on their Unjust Enrichment Claim against Defendants AIA and Servco, they must prove each of the following elements by a preponderance of the evidence: (a) receipt of a benefit without adequate legal basis by Defendants; and (b) unjust retention of that benefit at the expense of Plaintiffs." <br><br> *Porter v. Hu*, 116 Haw. 42, 53, 169 P.3d 994, 1005 (Haw. Ct. App. 2007) |

| | |
|---|---|
| Illinois | "To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience."<br><br>*Apollo Real Estate Inv. Fund, IV, L.P. v. Gelber*, 398 Ill. App. 3d 773, 787, 935 N.E.2d 949, 962 (Ill. 2009) (citing *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill.2d 145, 160, 137 Ill.Dec. 19, 545 N.E.2d 672, 679 (Ill. 1989)) |
| Indiana | "To prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust. Indiana courts articulate three elements for this claim: (1) a benefit conferred upon another at the express or implied consent of such other party; (2) allowing the other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment."<br><br>*Good v. Ind. Teachers Ret. Fund*, 31 N.E.3d 978, 982 (Ind. Ct. App. 2015) (quoting *Kohl's Ind., LP v. Owens*, 979 N.E. 2d 159, 167-68 (Ind. Ct. App. 2012)) (citations and internal quotation marks omitted) |
| Iowa | The elements of an unjust enrichmen claim "are: (1) defendant was enriched by the receipt of a benefit; (2) the enrichment was at the expense of the plaintiff; and (3) it is unjust to allow the defendant to retain the benefit under the circumstances."<br><br>*State, Dep't of Human Servs. ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154–55 (Iowa 2001) |
| Kentucky | "To recover on a claim of unjust enrichment a plaintiff is required to prove the following three elements: (1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of [that] benefit without payment for its value."<br><br>*Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC*, 540 S.W.3d 770, 777–78 (Ky. 2017) (quoting *Furlong Dev. Co. v. Georgetown-Scott Cty. Planning & Zoning Comm'n*, 504 S.W. 3d 34, 39-40 (Ky. 2016) (internal quotation marks omitted), reh'g denied (Mar. 22, 2018) |
| Michigan | "The elements of a claim for unjust enrichment are (1) receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to plaintiff from defendant's retention of the benefit."<br><br>*Bellevue Ventures, Inc. v. Morang-Kelly Inv., Inc.*, 302 Mich. App. 59, 64, 836 N.W.2d 898, 901 (2013) |

| | |
|---|---|
| Nebraska | "To recover on such a claim, the plaintiff must show that (1) the defendant received money, (2) the defendant retained possession of the money, and (3) the defendant in justice and fairness ought to pay the money to the plaintiff."<br><br>*Kanne v. Visa U.S.A. Inc.*, 272 Neb. 489, 501, 723 N.W.2d 293, 302 (Neb. 2006) (citation omitted). |
| New Jersey | "To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust. The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights."<br><br>*VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554, 641 A.2d 519, 526 (N.J. 1994) (citations omitted) |
| New York | "The essential inquiry in any action for unjust enrichment is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered. A plaintiff must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered."<br><br>*Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182, 944 N.E.2d 1104, 1110 (N.Y. 2011) (alterations, citations, and internal quotation marks omitted) |
| South Carolina | "Restitution is a remedy designed to prevent unjust enrichment. To recover on a theory of restitution, the plaintiff must show (1) that he conferred a non-gratuitous benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value."<br><br>*Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 409, 581 S.E.2d 161, 167–68 (S.C. 2003) (citations omitted) |
| Washington | "Turning to the mechanics of the claim itself, in order to establish an unjust enrichment claim, the plaintiff must demonstrate that (1) the defendant receive[d] a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment."<br><br>*Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wash. 2d 872, 899, 297 P.3d 688, 701 (Wash. 2013) (citations and internal quotation marks omitted) |
| Washington D.C. | "Unjust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust."<br><br>*Peart v. D.C. Hous. Auth.*, 972 A.2d 810, 813 (D.C. 2009) |

| GROUP 2 | |
|---|---|
| **States that add an "appreciation" element, or that the defendant understood they were receiving a benefit, in addition to the factors in No. 1** | |
| **State** | **Elements** |
| Alabama | "To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation.<br><br>One is unjustly enriched if his retention of a benefit would be unjust. The *Jordan* court continued:<br><br>Retention of a benefit is unjust if (1) the donor of the benefit ... acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit ... engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship. In the absence of mistake or misreliance by the donor or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to have been unjustly enriched."<br><br>*Matador Holdings, Inc. v. HoPo Realty Investments, L.L.C.*, 77 So. 3d 139, 145–46 (Ala. 2011) (citations and internal quotation marks omitted) |
| Alaska | "A party seeking to recover for unjust enrichment must show (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it without paying the value thereof."<br><br>*Ware v. Ware*, 161 P.3d 1188, 1197 (Alaska 2007) |
| Florida | "The elements of an unjust enrichment claim are 'a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.'"<br><br>*Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1242 n.4 (Fla. 2004) (quoting *Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc.*, 668 So. 2d 205, 207 (Fla. 2d DCA 1995)) |
| Idaho | "The elements of unjust enrichment are that (1) a benefit is conferred on the defendant by the plaintiff; (2) the defendant appreciates the benefit; and (3) it would be inequitable for the defendant to accept the benefit without payment of the value of the benefit."<br><br>*Countrywide Home Loans, Inc. v. Sheets*, 160 Idaho 268, 272, 371 P.3d 322, 326 (Idaho 2016) |

| | |
|---|---|
| Kansas | "The theory of unjust enrichment rests upon three elements: (1) a benefit conferred; (2) an appreciation or knowledge of the benefit by the one receiving the benefit; and (3) the acceptance or retention of the benefit under such circumstances as to make it inequitable to retain the benefit without payment of its value."<br><br>*In re Estate of Sauder*, 283 Kan. 694, 719, 156 P.3d 1204, 1220 (Kan. 2007) |
| Maine | "In a claim for unjust enrichment, a claimant must establish that: (1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value."<br><br>*Tucci v. City Of Biddeford*, 2005 ME 7, ¶ 14, 864 A.2d 185, 189 (Me. 2005) |
| Maryland | "Unjust enrichment consists of three elements:<br><br>1. A benefit conferred upon the defendant by the plaintiff;<br>2. An appreciation or knowledge by the defendant of the benefit; and<br>3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value."<br><br>*Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295, 936 A.2d 343, 351 (Md. 2007) (quoting *Berry & Gould, P.A. v. Berry*, 360 Md. 142, 151–152, 757 A.2d 108, 113 (Md. 2000)) |
| Minnesota | "The elements of an unjust enrichment claim are: (1) a benefit conferred; (2) the defendant's appreciation and knowing acceptance of the benefit; and (3) the defendant's acceptance and retention of the benefit under such circumstances that it would be inequitable for him to retain it without paying for it."<br><br>*Dahl v. R.J. Reynolds Tobacco Co.*, 742 N.W.2d 186, 195 (Minn. Ct. App. 2007) |
| Missouri | "Unjust enrichment requires a showing that: '(1) [the plaintiff] conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances.'"<br><br>*Hargis v. JLB Corp.*, 357 S.W.3d 574, 586 (Mo. 2011) |
| Montana | "To prove unjust enrichment, the plaintiff must establish: (1) defendant received a benefit; (2) defendant knew about or appreciated the benefit; and (3) defendant accepted or retained the benefit under circumstances where it was inequitable for defendant to do so."<br><br>*Darty v. Grauman*, 2018 MT 129, ¶ 11, 391 Mont. 393, 397, 419 P.3d 116, 119 (Mont. 2018) |

| | |
|---|---|
| Nevada | "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof."<br><br>*Certified Fire Prot. Inc. v. Precision Constr.*, 128 Nev. 371, 381, 283 P.3d 250, 257 (Nev. 2012) (internal quotation marks omitted) |
| New Mexico | "To prevail on a claim for unjust enrichment, "one must show that: (1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust. "<br><br>*City of Rio Rancho v. Amrep Sw. Inc.*, 2011-NMSC-037, ¶ 54, 150 N.M. 428, 260 P.3d 414, 428–29 (N.M. 2011) (quoting *Ontiveros Insulation Co. v. Sanchez*, 2000–NMCA–051, ¶ 11, 129 N.M. 200, 3 P.3d 695 (N.M. 2000) |
| North Carolina | "Under a claim for unjust enrichment, a plaintiff must establish certain essential elements: (1) a measurable benefit was conferred on the defendant, (2) the defendant consciously accepted that benefit, and (3) the benefit was not conferred officiously or gratuitously."<br><br>*Primerica Life Ins. Co. v. James Massengill & Sons Const. Co.*, 211 N.C. App. 252, 259–60, 712 S.E.2d 670, 677 (N.C. App. 2011) |
| Ohio | "Unjust enrichment occurs when a person has and retains money or benefits which in justice and equity belong to another, while restitution is the common-law remedy designed to prevent one from retaining property to which he is not justly entitled. To establish a claim for restitution, therefore, a party must demonstrate (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ("unjust enrichment")."<br><br>*Johnson v. Microsoft Corp.*, 2005-Ohio-4985, ¶ 20, 106 Ohio St. 3d 278, 286, 834 N.E.2d 791, 799 (citatiions and internal quotation marks omitted) |

| | |
|---|---|
| Pennsylvania | "The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Whether the doctrine applies depends on the unique factual circumstances of each case. In determining if the doctrine applies, we focus not on the intention of the parties, but rather on whether the defendant has been unjustly enriched.<br><br>To sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her to retain."<br><br>*Gutteridge v. J3 Energy Grp., Inc.*, 2017 PA Super 150, 165 A.3d 908, 917 (2017) (citations and internal quotation marks omitted) |
| Rhode Island | "A plaintiff is required to prove three elements" for n unjust enrichment claim: "(1) a benefit must be conferred upon the defendant by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof."<br><br>*Narragansett Elec. Co. v. Carbone*, 898 A.2d 87, 99 (R.I. 2006) (citation and internal quotation marks omitted) |
| South Dakota | "For [plaintiff] to prevail on his claim of unjust enrichment, he must show: (1) [defendant] received a benefit; (2) [defendant] was aware he was receiving a benefit, and (3) that it is inequitable to allow [defendant] to retain this benefit without paying for it."<br><br>*Hofeldt v. Mehling*, 2003 S.D. 25, ¶ 16, 658 N.W.2d 783, 788 (S.D. 2003) |
| Tennessee | "The elements of an unjust enrichment claim are: 1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit; and 3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof. The most significant requirement of an unjust enrichment claim is that the benefit to the defendant be unjust."<br><br>*Estate of Lambert v. Fitzgerald,* 497 S.W.3d 425, 458 (Tenn. Ct. App. 2016) (alteration and internal quotation marks omitted) |
| Texas | "Unjust enrichment occurs when a person has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. A person is unjustly enriched when he obtains a benefit from another by fraud, duress, or the taking of an undue advantage."<br><br>*Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App. 2013) (citations omitted) |

| | |
|---|---|
| Utah | The elements of an unjust enrichment claim are "(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value."<br><br>*Rawlings v. Rawlings*, 2010 UT 52, ¶ 29, 240 P.3d 754, 763 (Utah 2010) (quoting *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998)) |
| Vermont | "It relied upon the elements of unjust enrichment: whether '(1) a benefit was conferred on defendant; (2) defendant accepted the benefit; and (3) defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate plaintiff for its value.'"<br><br>*Reed v. Zurn*, 2010 VT 14, ¶ 11, 187 Vt. 613, 616, 992 A.2d 1061, 1066 (Vt. 2010) (quoting *Center v. Mad River Corp.*, 151 Vt. 408, 412, 561 A.2d 90, 93 (Vt. 1989)) |
| Virginia | "To state a cause of action for unjust enrichment, [plaintiff] had to allege that: (1) he conferred a benefit on [defendant]; (2)  [defendant] knew of the benefit and should reasonably have expected to repay [plaintiff]; and (3) [defendant] accepted or retained the benefit without paying for its value.<br><br>*Schmidt v. Household Fin. Corp.*, II, 276 Va. 108, 116, 661 S.E.2d 834, 838 (Va. 2008) |
| Wisconsin | "The elements of unjust enrichment, as stated elsewhere in the same jury instructions, as well as in innumerable cases, are (1) a benefit conferred upon the defendant by the plaintiff, (2) knowledge or appreciation of the benefit by the defendant, and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him or her to retain it without paying the value thereof."<br><br>*Ludyjan v. Cont'l Cas. Co.*, 2008 WI App 41, ¶ 7, 308 Wis. 2d 398, 405, 747 N.W.2d 745, 748 (Wisc. App. 2008) |
| Wyoming | "[T]he elements of unjust enrichment are: 1) valuable services were rendered; 2) to the party to be charged; 3) which services were accepted, used and enjoyed by the charged party; and 4) under circumstances that reasonably notified the party being charged that the other party would expect payment for the services."<br><br>*Montierth v. Deutsche Bank Nat'l Tr. Co. for Ameriquest Mortg. Sec. Tr. 2005-R7, asset-backed pass-through certificate, series 2005-R7*, 2018 WY 41, 415 P.3d 654, 665 (Wyo. 2018) (quoting *Symons v. Heaton*, 2014 WY 4, ¶ 15, 316 P.3d 1171, 1176 (Wyo. 2014)) |

| GROUP 3 |
|---|
| **States that provide a more general description of unjust enrichment without delineating specific elements. To establish an unjust enrichment claim in these states, the plaintiff must prove that the defendant received something of value from the plaintiff and that it would violate the fundamental principles of justice, equity and good conscience for the defendant to retain the benefit without compensating the plaintiff. These concepts are similar to the legal elements in the first category of states.** |

| State | Elements |
|---|---|
| Arkansas | "To find unjust enrichment, a party must have received something of value, to which he or she is not entitled and which he or she must restore. There must also be some operative act, intent, or situation to make the enrichment unjust and compensable. One who is free from fault cannot be held to be unjustly enriched merely because he or she has chosen to exercise a legal or contractual right. In short, an action based on unjust enrichment is maintainable where a person has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain."<br><br>*Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 21, 381 S.W.3d 21, 36 (2011) (citations omitted) |
| Georgia | "Unjust enrichment applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for."<br><br>*Tuvim v. United Jewish Communities, Inc.*, 285 Ga. 632, 635, 680 S.E.2d 827, 829–30 (Ga. 2009) (quoting *Engram v. Engram*, 265 Ga. 804, 807(2), 463 S.E. 2d 12 (Ga. 1995)) (citations and punctuation omitted) |
| Massachusetts | "Unjust enrichment occurs when a party retains the property of another against the fundamental principles of justice or equity and good conscience. The plaintiff must establish not only that the defendant received a benefit, but also that such a benefit was unjust."<br><br>*Bonina v. Sheppard*, 91 Mass. App. Ct. 622, 625, 78 N.E.3d 128, 132 (Mass. 2017) (citations and internal quotation marks omitted), *review denied*, 477 Mass. 1109, 89 N.E.3d 466 (2017) |
| Mississippi | "[I]n an action for unjust enrichment, the plaintiff need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff."<br><br>*Owens Corning v. R.J. Reynolds Tobacco Co.*, 868 So. 2d 331, 342 (Miss. 2004) (quoting *Fordice Construction Co. v. Central States Dredging Co.*, 631 F. Supp. 1536 (S.D. Miss. 1986)) |

| New Hampshire | "The party seeking restitution must establish not only unjust enrichment, but that the person sought to be charged had wrongfully secured a benefit or passively received one which it would be unconscionable to retain. When, as here, no express contractual relationship exists between the parties, a trial court may require an individual to make restitution for unjust enrichment if he has received a benefit that would be unconscionable to retain."<br><br>*Axenics, Inc. v. Turner Const. Co.*, 164 N.H. 659, 671, 62 A.3d 754, 766 (N.H. 2013) (alterations, citations, and internal quotation marks omitted) |
|---|---|
| Oklahoma | "The term unjust enrichment describes a condition resulting from the failure of a party to make restitution in circumstances where it is inequitable. It is a recognized ground for recovery in Oklahoma. A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another."<br><br>*Lapkin v. Garland Bloodworth, Inc.*, 2001 OK CIV APP 29, ¶ 7, 23 P.3d 958, 961 (Okla. App. 2001) (quoting *N.C. Corff Partnership, Ltd. v. OXY USA, Inc.*, 1996 OK CIV APP 92, 929 P.2d 288, 295 (Okla. App. 1996)) (internal quotation marks omitted) |
| Oregon | "Accordingly, we conclude that the formula for unjust enrichment in *Jaqua* is inadequate to the task, and we reject it. In lieu of applying the formula in *Jaqua*, Oregon courts should examine the established legal categories of unjust enrichment as reflected in Oregon case law and other authorities to determine whether any particular enrichment is unjust."<br><br>*Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115, 132, 404 P.3d 912, 921 (Or. 2017) |
| West Virginia | "As previously stated... the Court indicated to be entitled to equitable relief for unjust enrichment, a party must show that a payee received money to which he was not entitled and that the payment was the result of a mistake...the Court stated that a mistake for which equity will give relief is defined as some unintentional act, omission or error arising from unconsciousness, ignorance, forgetfulness, imposition or misplaced confidences."<br><br>*Absure, Inc. v. Huffman*, 213 W. Va. 651, 654, 584 S.E.2d 507, 510 (2003) |

| GROUP 4 |
|---|
| **States that use five elements: (1) an enrichment; (2) an economic detriment or loss; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification for the enrichment and the impoverishment; (5) the absence of a legal remedy.** |

| State | Elements |
|---|---|
| Arizona | "To recover under a theory of unjust enrichment, a plaintiff must demonstrate five elements: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law."<br><br>*Freeman v. Sorchych*, 226 Ariz. 242, 251, 245 P.3d 927, 936 (Ariz. Ct. App. 2011) |
| Delaware | "The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law."<br><br>*Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010) |
| Louisiana | "The five elements required to establish an unjust enrichment claim are: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and resulting impoverishment, (4) an absence of justification or cause for the enrichment and impoverishment, and (5) no other remedy at law available to plaintiff."<br><br>*Huntsman Int'l LLC v. Praxair, Inc.*, 2015-0975 (La. App. 4 Cir. 9/14/16), 201 So. 3d 899, 911 (La. App. 2016) (internal quotation marks omitted) |
| North Dakota | "Unjust enrichment requires: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification for the enrichment and impoverishment; and (5) an absence of remedy provided by law."<br><br>*Ritter, Laber & Assocs., Inc. v. Koch Oil, Inc.*, 2004 ND 117, ¶ 26, 680 N.W.2d 634, 642 (N.D. 2004) |
| Puerto Rico | The "requirements for the unjust enrichment action" are: "1) Occurrence of an enrichment. 2) A correlative loss (impoverishment). 3) A connection between the loss (impoverishment) and the enrichment. 4) Absence of cause to justify the enrichment. 5) Lack of a legal provision which precludes application of an enrichment without cause."<br><br>*Ortiz Andújar v. E.L.A.*, 122 P.R. Dec. 817, 22 P.R. Offic. Trans. 774, 780 (P.R. 1988) (citation omitted) |