UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN HANKS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK; VOYA RETIREMENT INSURANCE AND ANNUITY COMPANY, formerly known as Aetna Life Insurance and Annuity Company,<br>Defendants. | Civil Action No. 16-cv-6399 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPROVE FORM AND MANNER OF NOTICE PURSUANT TO THE COURT'S MARCH 13, 2019 ORDER (DKT. #110)**

**I.      INTRODUCTION**

On March 13, 2019, the Court granted Plaintiff Helen Hanks' motion for class certification in part and held that the breach of contract claim against Defendant Voya Retirement Insurance and Annuity Company ("Voya") can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23(b)(3). Dkt. #110. The Court further ordered Class Counsel to submit a proposed form of notice to class members and a proposed plan for distributing notice within twenty-one days. *Id.*

Pursuant to this order and Federal Rule of Civil Procedure 23(c), Class Counsel requests that the Court approve (a) the Class Notices attached as Exhibit A (short-form notice) and Exhibit B (long-form notice) to the Declaration of Jennifer M. Keough; and (b) the manner of notice as described below and in the accompanying Keough Declaration. Class Counsel's proposed form and manner of notice are appropriate because they are reasonably calculated to provide the best notice practicable to the members of the Class. Counsel for Voya has reviewed the Class Notices, provided edits to them, and has informed Class Counsel that they will not oppose this motion.

**II.     THE PROPOSED FORM AND MANNER OF NOTICE SHOULD BE APPROVED**

**A.      Legal Standard**

Class Members of a Rule 23(b)(3) class must be given "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The "best notice that is practicable" standard applies to both the form and manner of notice. *See* William R. Rubenstein, 3 Newberg on Class Actions § 8:5 (5th ed.).

## B. The Notice Provides All Information Required by Rule 23(c)(2)(B)

Class Counsel proposes two forms of notice—a short-form notice that will be mailed to Class Members, which is attached as Exhibit A to the Keough Declaration, and a long-form notice, which will be posted on a website maintained by the Class Administrator, which is attached as Exhibit B to the Keough Declaration.

These proposed notices are appropriate because they present all of the information required by Federal Rule of Civil Procedure 23(c)(2)(B) "clearly and concisely . . . in plain, easily understood language." The following sections of the proposed long form notice ("LFN") satisfy each requirement of Rule 23(c)(2)(B):

"(i) the nature of the action;"

- *see* LFN Intro, §§ 1–5

"(ii) the definition of the class certified;"

- *see* LFN Intro, §§ 3–4, 6–7

"(iii) the class claims, issues, or defenses;"

- *see* LFN Intro, §§ 2, 5

"(iv) that a class member may enter an appearance through an attorney if the member so desires;"

- *see* LFN § 14

"(v) that the court will exclude from the class any member who requests exclusion;"

- *see* LFN Intro, §§ 10–11

"(vi) the time and manner for requesting exclusion;"

- *see* LFN § 11

"and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

- *see* LFN Intro, §§ 8, 10

*See* Fed R. Civ. P. 23(c)(2)(B). Thus, the notices supply all of the "information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 338 (2d Cir. 2006) (citation and internal quotation marks omitted).

### C.   The Proposed Manner of Notice is the Best Notice Practicable Here

The proposed manner of notice will operate as follows. On April 2, 2019, Counsel for Voya informed Class Counsel that Voya would provide Class Counsel with a list of class members and their last known addresses within thirty (30) days. *See* Declaration of Nicholas N. Spear ("Spear Decl.") ¶ 4. Within twenty-one (21) days of receiving the list of Class members from Voya (the "Notice Date"), the Notice Administrator, JND Legal Administration LLC ("JND") shall cause the Short-Form Notice attached as Exhibit A to the Keough Declaration to be mailed, by first-class mail, postage prepaid, to all Class Members included on the list of Class members from Voya. *See* Declaration of Jennifer M. Keough ("Keough Decl.") ¶ 12. Prior to mailing, the Class Administrator, JND, will update the addresses using the National Change of Address database, and will re-mail any Notices returned by the United State Postal Service with a forwarding address. *See id.*[1] The class administrator will also host and maintain a website with the long-form notice, and will provide an automated toll-free number that Class Members may call to obtain information about the litigation. *See id.* ¶¶ 13–14. Class members will have 45-days to opt out. *See id.* ¶ 15.

---

[1] JND is an experienced and competent Class Administrator. *See* Keough Decl. ¶¶ 1–7.

This proposed plan is the best practicable method and should be approved. Notice delivery by first-class mail is specifically authorized by Rule 23 and has been approved by courts in this district. *See* Fed. R. Civ. P. 23(c)(2)(B) ("The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."); *In re Doria/Memon Disc. Stores Wage & Hour Litig.*, No. 14 CIV. 7990, 2017 WL 4541434, at *9 (S.D.N.Y. Oct. 10, 2017) ("Although Plaintiffs did not propose a manner in which to deliver the notice, delivery by first class mail is proper.").

Further, the notice plan gives Class members 45 days to opt-out, which is particularly appropriate given that notice will be sent directly to Class members using known addresses. Courts regularly approve opt-out periods of similar or even shorter length. *See, e.g.*, *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 04-cv-8144, 2009 WL 5178546, at *13 (S.D.N.Y. Dec. 23, 2009) (approving 30–day opt-out period in complex securities fraud class).

### III.   CONCLUSION

The proposed form and manner of notice are consistent with Federal Rule of Civil Procedure 23 and case law, and therefore constitute "the best notice that is practicable under the circumstances." Class Counsel therefore request that the Court approve the form and manner of notice.

Dated: April 3, 2019

/s/ Seth Ard
Seth Ard
Ryan C. Kirkpatrick (*pro hac vice*)
Susman Godfrey L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: 212-336-8330
Fax: 212-336-8340
sard@susmangodfrey.com
rkirkpatrick@susmangodfrey.com

5

        Steven G. Sklaver (*pro hac vice*)
        Nicholas N. Spear (*pro hac vice*)
        Michael Gervais
        Susman Godfrey L.L.P.
        1900 Avenue of the Stars, Suite 1400
        Los Angeles, CA 90067-6029
        Tel: 310-789-3100
        Fax: 310-789-3150
        ssklaver@susmangodfrey.com
        nspear@susmangodfrey.com
        mgervais@susmangodfrey.com

        *Class Counsel*

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served on the following counsel, this April 3, 2019.

Alan B. Vickery
Jack G. Stern
John F. LaSalle
Andrew Villacastin
Boies Schiller Flexner LLP
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
jstern@bsfllp.com
jlasalle@bsfllp.com
avickery@bsfllp.com
avillacastin@bsfllp.com

Motty Shulman
Evelyn Fruchter
Boies Schiller Flexner LLP
333 Main Street
Armonk, New York 10504
Tel: (914) 749-8200
Fax: (914) 749-8300
mshulman@bsfllp.com
efruchter@bsfllp.com

***Attorneys for Voya Retirement Insurance and Annuity Company, formerly known as Aetna Life Insurance and Annuity Company***

      /s/ Nicholas N. Spear
      Nicholas N. Spear