UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN HANKS on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THE LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK; VOYA RETIREMENT INSURANCE AND ANNUITY COMPANY, formerly known as Aetna Life Insurance and Annuity Company,<br><br>　　　　　　Defendants. | Civil Action No. 16-cv-6399 PKC<br><br>**DECLARATION OF JENNIFER M. KEOUGH REGARDING PROPOSED NOTICE PLAN** |

I, JENNIFER M. KEOUGH, declare as follows:

## INTRODUCTION

1.　I am the Chief Executive Officer ("CEO") of JND Legal Administration LLC ("JND"). This Declaration is based on my personal knowledge, as well as upon information provided to me by experienced JND employees and Counsel for the Plaintiffs ("Class Counsel"), and if called upon to do so, I could and would testify competently thereto.

2.　I have more than 20 years of legal experience creating and supervising notice and claims administration programs and have personally overseen well over 500 matters.

3.　JND is a legal administration services provider with headquarters located in Seattle, Washington. JND has extensive experience with all aspects of legal administration and has administered hundreds of class action.

4.　I submit this Declaration at the request of Counsel in the above-referenced litigation to describe the proposed program for providing notice to Class Members and address

why it is consistent with other best practicable court-approved notice programs and the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

## RELEVANT EXPERIENCE

5.      JND is one of the leading legal administration firms in the country. JND's class action division provides all services necessary for the effective implementation of class actions including: (1) all facets of legal notice, such as outbound mailing, email notification, and the design and implementation of media programs, including through digital and social media platforms; (2) website design and deployment, including on-line claim filing capabilities; (3) call center and other contact support; (4) secure class member data management; (5) paper and electronic claims processing; (6) calculation design and programming; (7) payment disbursements through check, wire, PayPal, merchandise credits, and other means; (8) qualified settlement fund tax reporting; (9) banking services and reporting; and (10) all other functions related to the secure and accurate administration of class actions.

6.      JND was recently approved as a vendor for the United States Securities and Exchange Commission ("SEC") as well as by the Federal Trade Commission ("FTC"). We also have Master Services Agreements with various law firms, corporations, banks, and other government agencies, which were only awarded after JND underwent rigorous reviews of our systems, privacy policies, and procedures. JND has also been certified as SOC 2 compliant by noted accounting firm Moss Adams. Finally, JND has been recognized by various publications, including the *National Law Journal*, the *Legal Times*, and, most recently, the *New York Law Journal*, for excellence in class action administration.

7.      The principals of JND, including myself, collectively have over 75 years of experience in class action legal and administrative fields. We have personally overseen some of

the most complex civil settlements including: $20 billion Gulf Coast Claims Facility; $10 billion Deepwater Horizon BP Settlement; $6.15 billion WorldCom Securities Settlement; $3.4 billion Indian Trust (the largest U.S. Government class action ever); and $3.05 billion VisaCheck/MasterMoney Antitrust Settlement.

## CASE BACKGROUND

8. JND understands that the Plaintiff alleges that Voya breached its contracts with certain policy owners. In May 2016, policyholders were issued letters announcing that their insurance policies would be subject to cost of insurance ("COI") rate increases, and Plaintiff asserts those COI rate increases violated the terms of the policyholders' contracts, and that Plaintiff and members of the Class have been damaged, as a result. We understand that Voya denies Plaintiff's claim and asserts multiple defenses, including that Voya's challenged actions are lawful, justified, and have not harmed Plaintiff or caused any damages.

9. The objective of the notice program is to provide notice of the litigation to members of the Class. The Class consists of all owners of universal life and variable universal life insurance policies issued by Aetna Life Insurance and Annuity Company, now known as Voya, that were subject to the COI increase announced in 2016.

## NOTICE PLAN

10. JND's notice program consists of a mailed notice effort, the establishment of a case website and a toll-free number. All forms of notice have been designed to inform Class Members of the litigation and their rights and options, including their right to opt out of the Class.

11.     It is our understanding that names and postal addresses are available for all or nearly all potential Class Members (approximately 45,000), at their last-known addresses. Factoring estimated un-deliverables, the individual notice effort is expected to reach 90% of potential Class Members.

12.     **Mail Notice**: JND will send the Short-Form (Postcard) Notice, attached hereto as Exhibit A, via first-class U.S. mail to all Class Members (approximately 45,000) at their last known address, which will be provided to Class Counsel and JND by counsel for Voya.  JND will send the Short-Form Notices within twenty-one (21) days of receiving the list of Class members and addresses from counsel for Voya. Prior to mailing, JND will update the addresses using the National Change of Address database ("NCOA").[1] JND will re-mail any Notices returned by the United State Postal Service with a forwarding address.

13.     **Website Notice**: JND will create and maintain a dedicated case website which will contain information about the litigation and copies of relevant case documentation, including but not limited to the Long-Form Notice, attached hereto as Exhibit B. The website will have an easy-to-navigate design and will be formatted to emphasize important information and key dates.

14.     **Toll-free Number**: JND will establish and maintain an automated toll-free number that Class Members may call to obtain information about the litigation.

15.     **Opt-Out:** The notices explain that a class member that wants to be excluded must send a letter to JND, with the Class Member's name, address, telephone number, email address

---

[1] The NCOA database is the official United States Postal Service ("USPS") technology product which makes change of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mail stream. This product is an effective tool to update address changes when a person has completed a change of address form with the USPS. The address information is maintained on the database for 48 months.

and signature. The Class Member must also identify the Voya insurance policy or policies to be excluded. The opt-out period will be 45-days from the date notice is mailed.

## NOTICE DESIGN AND CONTENT

16. JND designed the proposed notice documents to comply with the Rule 23's guidelines for class action notices. The notices contain easy-to-read summaries of the litigation and the exclusion option that is available to Class Members. The notices also provide instructions on how to receive more information about the litigation. Many courts have approved notices that have been written and designed in a similar manner.

## CONCLUSION

17. In JND's opinion, the proposed notice program provides the best notice practicable under the circumstances; is consistent with the requirements of Rule 23; and is consistent with other similar court-approved notice programs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 3, 2019, at Seattle, Washington.

By: *Jennifer M. Keough* (signature)
Jennifer M. Keough