UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HELEN HANKS, on behalf of herself and all
others similarly situated,

                      Plaintiff,                    16-cv-6399 (PKC)

     -against-                       OPINION
                                                    AND ORDER
VOYA RETIREMENT INSURANCE AND
ANNUITY COMPANY, formerly known as
Aetna Life Insurance and Annuity Company,

                      Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Voya Retirement Insurance and Annuity Company ("Voya") and Non-Party The Lincoln Life & Annuity Company of New York ("Lincoln Life") (collectively, "Movants") move to seal certain documents submitted in connection with the parties' summary judgment motions. (Doc. 153). Plaintiff Helen Hanks ("Hanks") opposes this motion. For the reasons that follow, the Court will grant in part and deny in part this motion.

LEGAL STANDARD

        There is a common-law and First Amendment right of public access to judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006). As such, documents may be sealed "only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124.

        Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values

outweigh the right of public access to that judicial document. Id. at 119–20. To be classified a judicial document, material "must be relevant to the performance of the judicial function and useful in the judicial process." Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")). "A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers . . . ." Id.

Though all judicial documents carry a presumption of public access, a court must determine the weight of this presumption as applied to a particular judicial document. The appropriate weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II")). Documents submitted in connection with trial or summary judgement are entitled to the highest presumption of public access, documents filed in connection with other non-dispositive motions are subject to a "still substantial" presumption of public access, and discovery documents not filed with the court "lie entirely beyond the presumption's reach." Id. at 49–50, 53.

Against the applicable presumption of public access, the court must consider whether countervailing factors or higher values dictate that the document at issue should be sealed. Established factors and values that can outweigh the presumption of public access include legal privilege, Lugosch, 435 F.3d at 125 (stating that legal privilege could be a sufficient countervailing factor to outweigh the presumption of public access), business secrecy, see Amodeo II, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."), and privacy interests, see id. ("The court also considers 'the privacy interests of those resisting disclosure.' Financial records of a wholly-owned business,

family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." (citation omitted) (quoting Lugosch, 435 F.3d at 120)). If one of these factors or values outweigh the value to the public of accessing the document at issue, then that document should be sealed. Additionally, sealing should be "narrowly tailored," Lugosch, 435 F.3d at 124, and redacting sensitive information is a preferable alternative to sealing an entire document. United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (stating that courts should "avoid sealing judicial documents in their entirety unless necessary").

DISCUSSION

I. <u>Application of the Lugosch Standard</u>.

On September 12, 2019, Voya filed a motion for summary judgment and, on November 6, 2019, Hanks filed a cross-motion for summary judgment. In accordance with prior Orders, the parties filed portions of their summary judgment submissions either with redactions or fully under temporary seal. On February 7, 2020, Voya moved to seal or file in redacted form certain of the documents that had been filed under temporary seal. Hanks has opposed this motion.

The Court has individually reviewed and made particularized findings as to each document covered under Voya's motion to seal. First, the Court finds that all of these documents are judicial documents and therefore enjoy at least some presumption of public access. As an initial point, the Court's actual reliance upon a document is irrelevant to the determination of whether it qualifies as a judicial document. Brown, 929 F.3d at 50 ("Insofar as the District Court held that these materials are not judicial documents because it did not rely on them in adjudicating a motion, this was legal error. As explained above, the proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon."). As the Second Circuit explained, "[a] document is thus 'relevant to the performance of the judicial

3

function' if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers." Id. at 49. Here, all the documents at issue were submitted to the Court in support of and so would reasonably have the tendency to influence the Court's decision on the outstanding motions for summary judgment. In fact, the parties submitted these documents with this very intention. As such, all documents submitted in support of these motions are judicial documents and enjoy some presumption of public access. Id. at 47 ("[I]t it is well-settled that 'documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment.'" (quoting Lugosch, 435 F.3d at 121)).

Though all judicial documents carry a presumption of public access, the weight of this presumption varies with "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. at 49 (quoting Amodeo II, 71 F.3d at 1049). "Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access." Id. at 53. As such, the Court finds that the documents at issue here are subject to such "a strong presumption of public access."

The final step of the Lugosch framework requires the Court to determine if any countervailing factors or higher values outweigh the right of public access to that judicial document. Lugosch, 435 F.3d at 119–20. Voya asserts that the proposed redactions are necessary to protect its confidential and proprietary business information. The demonstration of a valid need to protect the confidentiality of such sensitive business information may be a legitimate basis to rebut the public's presumption of access to judicial documents. See Amodeo II, 71 F.3d at 1051

4

("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."); Skyline Steel, LLC, 101 F. Supp. 3d at 412–13 (sealing "highly confidential sales information, including pricing information" as well as information "revealing confidential negotiations" with a customer); see also Dodona I, LLC v. Goldman, Sachs & Co., 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015); Cumberland Packing Corp. v. Monsanto Co., 184 F.R.D. 504, 506 (E.D.N.Y. 1999). In support of its motion, Voya cites a previously submitted Declaration of Joseph P. McKinnon, Jr., which described how certain information was kept confidential and stated that the disclosure of such information would harm Voya and advantage its competitors. (Doc. 101).

II. <u>Individualized Findings</u>.

Voya has attached all documents submitted connection with the parties' respective summary judgment motions that were filed under temporary seal as exhibits to the Declaration of John F. LaSalle. (Doc. 156). Voya now moves to redact only a portion of the information originally submitted under temporary seal. Hanks opposes Voya's motion to seal these materials. The Court has reviewed each of the documents at issue for to determine whether countervailing factors outweigh the "strong presumption" of access the public enjoys in these documents.

Voya asserts that the proposed redactions to 26 of the 43 exhibits attached to the LaSalle Declaration are necessary to protect its confidential and proprietary business information. The Court has previously found that the information covered by the proposed redactions is the type of proprietary business information that can justify redactions or sealing. (Doc. 114). However, the Court must reevaluate the propriety of the proposed redactions in light of the stronger presumption of public access attached to summary judgment materials. Brown, 929 F.3d at 53.

A.  <u>Voya's Request to Redact Certain Information Is Granted</u>.

Upon this evaluation, the Court finds that the proposed redactions to Exhibits 1, 4, 5, 12, 13, 14, 15, 21, 26, 30, 31, 33, 41, and 42 protecting Voya's sensitive business information outweigh the public's right to access this information and are narrowly tailored to protect only this sensitive business information.  As such, Voya's motion to seal will be granted as to these Exhibits.

Specifically, Voya argues that information related to "[t]he specific actuarial assumptions Defendants used in the modeling and implementation of the 2016 Redetermination," "[Voya's] review of [Lincoln Life's] cost of insurance (COI) recommendation," "[c]urrent and past COI rates charged to policyholders," and "[t]he substance of Defendants' communications with (and submissions to) state insurance regulators" represents commercially sensitive information.  (Doc. 155 at 1).  The disclosure of this information could advantage Movants' competitors and harm their businesses.  The Court holds that Movants' interest in protecting this sensitive business information, such as the specific financial metrics of its products and models as well as the details of confidential settlements, outweighs the public's presumed right of access.  Disclosure of specific metrics or details of negotiated settlements could result in significant commercial harm to Movants without providing much value in the monitoring of the federal courts.  See <u>Amodeo II</u>, 71 F.3d at 1051.  Movants' proposed redactions covering this information are narrowly tailored to protect these types of sensitive business information.

The Court will grant Voya's motion to seal as to the proposed redactions to Exhibits 1, 4, 5, 12, 13, 14, 15, 21, 26, 30, 31, 33, 41, and 42.

B.  <u>Voya's Request to Redact Certain Information Is Denied</u>.

Movants request the redaction of information in Exhibits 6, 8, 9, 10, 11, 19, 20, 25, 27, 28, 32, and 36 that relates to the "[d]iscussion of [Voya's] review process" as sensitive business information.  (<u>See, e.g.</u>, Doc. 157-1 at 3).  However, upon review of the proposed redactions, the

6

Court finds that the disclosure of this information would not result in such commercial harm to Movants as to outweigh the public's right of access.

The relevant redactions involve information related to Voya's review of Lincoln Life's recommendation to increase the Cost of Insurance Rate. Movants request redaction of non-specific information related to this review, including often vague deposition responses or generic lists of factors to be considered. Movants fail to justify how this general information represents the type of sensitive business information, such as specific financial metrics or proprietary analysis, that would cause commercial harm if disclosed. The relevant information appears to lack the specificity necessary to advantage a commercial rival and, as such, does not outweigh the strong presumption of public access at the summary judgment stage.

The Court will deny Voya's motion to seal as to the proposed redactions to Exhibits 6, 8, 9, 10, 11, 19, 20, 25, 27, 28, 32, and 36. The parties will be ordered to file unredacted versions of these documents within 14 days of this Order.

C.   Documents Lacking a Sealing Request.

Movants no longer request that 17 of 43 exhibits attached to the LaSalle Declaration be sealed. Specifically, for Exhibits 2, 3, 7, 16, 17, 18, 22, 23, 24, 29, 34, 35, 37, 38, 39, 40, and 43 to the LaSalle Declaration, Voya states that "Defendants do not seek confidential treatment and attach an unredacted version for publication." No further action from the Court is required as there is no longer a request to seal these documents and unredacted versions of Exhibits 2, 3, 7, 16, 17, 18, 22, 23, 24, 29, 34, 35, 37, 38, 39, 40, and 43 are publicly available on the docket.

CONCLUSION

The Clerk is directed to terminate this motion. (Doc. 153). To the extent the parties' motions have been denied, the parties are directed to publicly file unredacted versions of the relevant documents within 14 days of this Order.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 29, 2020