UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
HELEN HANKS, on behalf of herself and all
others similarly situated,

                         Plaintiff,                               16-cv-6399 (PKC)

      -against-

                                                          ORDER

VOYA RETIREMENT INSURANCE AND
ANNUITY COMPANY, formerly known as
Aetna Life Insurance and Annuity Company,

                        Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Voya Retirement Insurance and Annuity Company ("Voya") and Non-Party The Lincoln Life & Annuity Company of New York ("Lincoln Life") (collectively, "Movants") have submitted two sealing motions. Plaintiff Helen Hanks does not oppose the motions. First, Movants seek to seal additional documents submitted in connection with the parties' summary judgment motions. (Doc. 220). In the Court's Order of September 30, 2020, it granted in part and denied in part Movants' first motion to seal documents related to summary judgment. (Doc 175; Summary Judgment Sealing Op.). Subsequently, Hanks' counsel notified Voya that it had omitted from its motion to seal certain materials that were filed on the public docket in redacted form. The Court granted Movants leave to file a motion to seal these materials. (Doc 179). Second, Movants request to seal certain documents submitted in connection with the parties' motions in limine. (Doc 247).

        The Court previously discussed the standards for sealing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) and its progeny in its summary judgment sealing Opinion and Order. (Doc. 175). The Court notes that the weight of the presumption of public

access for judicial documents varies depending on whether sealing is sought in connection with summary judgment or a motion in limine.  "Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access." Brown v. Maxwell, 929 F.3d 41, 53 (2d Cir. 2019).  However, the presumption of public access for materials on a motion in limine "is generally somewhat lower than the presumption applied to material" submitted at summary judgment. Id. at 50.  In all cases, the Court may seal documents "only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Lugosch, 435 F.3d at 124.  Additionally, sealing should be "narrowly tailored," Id., and redacting sensitive information is a preferable alternative to sealing an entire document.  United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008).

In accordance with prior orders in this Action, the parties publicly filed portions of their summary judgment submission and motions in limine either with redactions or fully under temporary seal.  Voya has attached all such materials that were submitted with the parties' summary judgment motions as exhibits to the declaration of Andrew Villacastin, (Doc. 222; ("Villacastin Decl.")) and motions in limine as exhibits to the declaration of Motty Shulman. (Doc 249; ("Shulman Decl.")).  Voya now moves to redact only a portion of the information submitted under temporary seal.  The materials attached as exhibits to the Villacastin and Shulman Declarations contain Movant's proposed redactions and sealing requests.

Movants assert that the proposed redactions are necessary to protect their confidential and proprietary business information. (See Summary Judgment Sealing Op. at 4–5 ("The demonstration of a valid need to protect the confidentiality of such sensitive business information may be a legitimate basis to rebut the public's presumption of access to judicial documents.")).  As detailed below, the Court has individually reviewed and made particularized findings as to each document submitted with Movants' sealing motions.

DISCUSSION

   I.   <u>Individualized Findings on Materials Submitted in connection with Summary Judgment</u>.

      A.   <u>Movants' Request to Redact or Seal Certain Information Is Granted</u>.

Upon this evaluation, the Court finds that the proposed redactions to Exhibits 1, 2, 3, 5, 7, 9, 10, 12, 13, 14, 16, 17, 18, 19, 26, 27, 28, 29, 30 and 31 to the Villacastin Declaration protecting Voya's sensitive business information outweigh the public's right to access this information and are narrowly tailored to protect only this sensitive business information. For the same reasons, the Court finds the sealing in its entirety of Exhibits 20, 22, 32, 33, 34, 35 and 36 to the Villacastin Declaration to be warranted.

Specifically, Voya argues that information related to "[t]he specific actuarial assumptions Defendants used in the modeling and implementation of the 2016 Redetermination," "[Voya's] review of [Lincoln Life's] cost of insurance (COI) recommendation," "[c]urrent and past COI rates charged to policyholders," and "[t]he substance of Defendants' communications with (and submissions to) state insurance regulators" represents commercially sensitive information. (Doc. 221 at 1). The Court holds that Movants' interest in protecting this sensitive business information outweighs the public's presumed right of access, and Movants' proposed redactions covering this information are narrowly tailored. (<u>See</u> Summary Judgment Seal Op. at 6).

The Court will grant Voya's motion to seal as to Exhibits 1, 2, 3, 5, 7, 9, 10, 12, 13, 14, 16, 17, 18, 19, 20, 22, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36.

      B.   <u>Documents Lacking a Sealing Request</u>.

Movants no longer request sealing for Exhibits 4, 6, 8, 11, 15, 21, 23, 24 and 25 to the Villacastin Declaration. Voya states that "[d]efendants do not seek confidential treatment and attach an unredacted version for publication." No further action from the Court is required as there

is no longer a request to seal these documents and unredacted versions of Exhibits 4, 6, 8, 11, 15, 21, 23, 24 and 25 are publicly available on the docket.

    II.    <u>Individualized Findings on Materials Submitted in connection with Motions in Limine</u>.

        A.  <u>Movants' Request to Redact or Seal Certain Information Is Granted</u>.

Movants seek the same redactions on certain materials submitted both in connection with the parties' summary judgment motions and motions <u>in limine</u>. Because the Court found sealing appropriate for these materials on summary judgment and the presumption of public access is lower for materials submitted on a motion in limine, the Court grants Movants' motion to seal Exhibits 1, 5, 7, 8, 11, 15, 17, 19, 22, 26, 30, 39 and 41 to the Shulman Declaration.

The Court finds that the proposed redactions to Exhibits 9, 10, 12, 27, 31 and 37 and the proposed sealing in the entirety of Exhibits 33, 34, 35 to the Shulman Declaration protecting Voya's sensitive business information outweigh the public's right to access this information and are narrowly tailored to protect only this sensitive business information. The Court holds that Movants' interest in protecting this sensitive business information warrants sealing for the same reasons as stated above in connection with Movants' motion to seal materials submitted on summary judgment.

The Court finds that the proposed redactions to Exhibits 28 and 29 to the Shulman Declaration protecting personal medical information outweigh the public's right to access this information and are narrowly tailored. The proposed redactions concern the health condition of one of Voya's experts.

Lastly, the Court finds Movants' proposed redactions to Exhibits 42, 43, 44, 45, 46 and 47 to the Shulman Declaration to redact parts of the parties' moving papers outweigh the public's right to access this information and are narrowly tailored. Movants only seek limited

redactions to the moving papers to the extent that they quote from materials that themselves have been redacted or contain personal medical information of their expert.

The Court will grant Movants' motion to seal as to Exhibits 1, 5, 7, 8, 9, 10, 11, 12 15, 17, 19, 22, 26, 27, 28, 29, 30, 31, 33, 34, 35, 37, 39, 41, 42, 43, 44, 45, 46 and 47.

B. <u>Documents Lacking a Sealing Request</u>.

Movants no longer request sealing for Exhibits 2, 3, 4, 6, 13, 14, 16, 18, 20, 21, 23, 24, 25, 32, 36, 38 and 40 to the Shulman Declaration. No further action from the Court is required as there is no longer a request to seal these documents and unredacted versions of Exhibits 2, 3, 4, 6, 13, 14, 16, 18, 20, 21, 23, 24, 25, 32, 36, 38 and 40 are publicly available on the docket.

CONCLUSION

Movants' motions to seal are GRANTED except as to the documents in Parts I.B. and II.B above as to which the sealing request is deemed withdrawn. The Clerk is directed to terminate the motions. (Docs 220 and 247).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 16, 2021

5