UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HELEN HANKS, on behalf of herself and all
others similarly situated,

                     Plaintiff,                      16-cv-6399 (PKC)

          -against-                      OPINION AND
                                                   ORDER

VOYA RETIREMENT INSURANCE AND
ANNUITY COMPANY, formerly known as
Aetna Life Insurance and Annuity Company,

                     Defendant.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

        Before the Court is plaintiff's motion to preliminarily approve a class action settlement with defendant Voya Retirement Insurance and Annuity Company (the "Settlement"). The motion will be denied without prejudice. Plaintiff, on any resubmission, shall address the following deficiencies:

        1.     The proposed notice to the class (the "Notice") inadequately describes the maximum amount of attorney's fees that class counsel intends to seek. The Notice states: "Class Counsel will file a motion seeking an award for attorneys' fees not to exceed one-third of the gross benefits provided to the Settlement Class. . . " A class member of ordinary intelligence can calculate the monetary equivalent of one-third of the gross monetary benefits of the Settlement. But that is not what the Notice says; it refers to the fee application not exceeding one-third of the *"gross benefits."* The distinction is of the utmost importance in this action because class counsel touts the fact that in addition to the $92.5 million in cash payment by Voya, there are "significant" non-monetary benefits that have "meaningful additional value." (D. Mem. 2, 9.). The non-monetary benefits are an agreement by Voya to refrain from doing the following:

- Raise COI rates on policies covered by the Settlement for a period of five years, unless ordered to do so by a state regulatory body.

- Cancel, void, rescind, or deny a death claim submitted under the Settlement Class members' policies or contest the validity of a policy based on:
    - An alleged lack of valid insurable interest under any applicable law or equitable principles; or
    - Any misrepresentation allegedly made on or related to the application for, or otherwise made in applying for the policy.

No hint is given as to the methodology that class counsel plans to employ to value these benefits for the purpose of its fee application. In its motion papers but not in the Notice, it points out that in an analogous case, one court valued these two non-monetary benefits at $94.3 million, $61 million for a 5-year COI rate freeze and $33.3 million for the so called policy validity guarantee. (Ard Decl. ¶ 18.) If those figures were applied to this case, one-third of the "gross benefits" would be $62.2 million, which would be 67% of the $92.5 million in cash consideration. If that is what counsel has in mind—or anything close to it, class members and the Court should know it now.[1] Assuming a class member focuses on the distinction between gross monetary benefits and gross benefits, he or she would be left to guess what the size of class counsel's fee application may be and would have no meaningful way to estimate the net monetary relief to the class. On any resubmission, class counsel should unambiguously state the dollar amount of their maximum fee application and explain that, if approved, it will be deducted from the $92.5 million in cash (minus the other deductions described in the Notice) that

---

[1] Undoubtedly there are some class members who might find it of value to have protection from an insurer claiming that a beneficiary lacked an insurable interest or that the insured had lied on an application but there is no reason to expect that it would be a large percentage of the class.

2

potentially would be available to be paid to class members.[2] The Notice should also express the maximum fee request as a percentage of the gross monetary relief.[3]

2. The proposed Notice sets forth "Your Legal Rights and Options," including the right to "Object" to the Settlement. The Notice purports to explain the meaning and import of an objection to the Settlement: "Tell the Court what you do not like about the Settlement — You will still be bound by the Settlement, and you will receive a payment if you are entitled to one." This statement is fundamentally misleading. The purpose of an objection is to persuade the Court not to approve the proposed settlement. A successful objection means that the objector and other members of the class are not bound by the Settlement. Paragraphs 20 and 21 touching upon the right to object does nothing to clarify this point.

3. The Notice requires an objecting class member to set forth "a list of any objections by you or your attorney in any class action settlements submitted to any state or federal court in the United States in the previous five years." This information is unnecessary. The objection is an objection to the settlement as it is proposed and is not likely to turn on the personal characteristics or past objections of the objector or the objector's attorney. Nor is it necessary for the objector to identify witnesses, if any, to be called. The Court can determine whether an evidentiary hearing is required from the face of the objection and make such inquiry as is appropriate.

---

[2] There are usually certain unquantifiable contingencies that could affect the net recovery such as the number of opt outs, whether an incentive will be awarded to a class representative or the magnitude of expenses. But the non-monetary benefits at issue have been negotiated by counsel and counsel should be in a position to state what its maximum fee application may be. It will retain the flexibility to seek less than the maximum disclosed in the Notice.

[3] It is no answer to the deficient Notice to say that counsel's fee application will be available on the docket before the date for filing objections unless counsel anticipates a supplemental notice to the class sent to class members in the same manner as the original notice.

Class counsel owes fiduciary duties to the members of the class and should be striving to ensure that they make an informed decision based on the best possible information. Motion for preliminary approval (Doc 270) is DENIED without prejudice.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
January 11, 2022