UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN HANKS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VOYA RETIREMENT INSURANCE AND ANNUITY COMPANY, formerly known as Aetna Life Insurance and Annuity Company,<br><br>Defendant. | Civil Action No. 16-cv-6399<br><br>**DECLARATION OF SETH ARD IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Seth Ard, hereby declare as follows:

1. I submit this Declaration in support of preliminary approval of the proposed class action settlement between Plaintiff Helen Hanks ("Plaintiff"), individually and on behalf of the Class, Defendant Voya Retirement Insurance and Annuity Company ("Voya"), and its administrator and reinsurer the Lincoln Life & Annuity Company of New York ("Lincoln").

2. I am a member in good standing of the bar of this Court, an active member of the State Bar of New York, a partner in the law firm of Susman Godfrey, and counsel of record for Plaintiff Helen Hanks and Class Counsel in the above-captioned action. I have personal knowledge of the facts set forth herein and, if called to testify as a witness, could and would testify competently thereto. Susman Godfrey has significant experience with insurance litigation and class actions, including cost of insurance class actions and settlements thereof. A copy of the firm's class action profile and my profile is attached hereto as **Exhibit 1**.

3. I was among the principal negotiators of the proposed class action settlement. Following extensive negotiations, the parties entered into a memorandum of understanding on

1

October 21, 2021, and the final Settlement Agreement was executed on January 5, 2022. Attached hereto as **Exhibit 2** is a true and correct copy of the Settlement Agreement. It is the opinion of Class Counsel that this settlement is fair, adequate, and reasonable.

## THE LITIGATION

4. Plaintiff Helen Hanks filed this case on August 11, 2016. Dkt. 1. The complaint included a claim for breach of contract against Voya and a claim for unjust enrichment against Lincoln in relation to a June 2016 increase in cost-of-insurance ("COI") rates for over 46,000 universal life insurance policies ("Class Policies"), comprising 18 product lines, issued by Aetna Life Insurance and Annuity Company ("Aetna"), now Voya, between 1983 and 2000. *Id.* Attached as **Exhibit 3** hereto is a true and correct copy of Plaintiff Helen Hank's life insurance policy (Dkt. 5-1).

5. Fact discovery lasted until December 29, 2017, with supplemental discovery obligations under Federal Rule of Civil Procedure 26(e) continuing thereafter. Dkt. 52. During this time, Voya and Lincoln produced—and Plaintiff reviewed—nearly 350,000 pages of documents and spreadsheets. Plaintiff took 4 corporate representative depositions and 14 depositions of individual witnesses from Voya and Lincoln, and Voya and Lincoln deposed Plaintiff Helen Hanks.

6. Plaintiff has also made Freedom of Information requests to state insurance departments throughout the United States relating to Voya's 2016 COI Increase. Plaintiff's efforts uncovered important emails between the New York Department of Financial Services ("NYDFS") and Voya that had not previously been produced during discovery.

7. Expert discovery lasted until August 1, 2018, with additional expert discovery continuing thereafter. Dkt. 84. On March 1, 2018, Plaintiff produced reports from four experts:

actuarial expert Christopher Hause, reinsurance expert Neil Pearson, regulatory custom and practice expert Bruce Foudree, and damages expert Robert Mills. On May 1, 2018, Voya and Lincoln produced reports from three experts: actuarial expert Timothy Pfeifer, regulatory custom and practice expert Neil Rector, and damages expert Dr. David Babbel. On June 1, 2018, Plaintiff produced rebuttal expert reports from all four experts. All seven experts were subsequently deposed. In January 2021, Voya informed Plaintiff that Professor Craig Merrill was being substituted for Dr. Babbel as the damages expert. Plaintiff deposed Professor Merrill on February 12, 2021.

8. The parties next briefed class certification. Plaintiff's opening motion was filed on August 15, 2018; Voya's and Lincoln's opposition was filed on September 20, 2018; and Plaintiff's reply was filed on October 4, 2018. Dkts. 85–91, 94–97. Collectively, Plaintiff filed 35 pages of briefing supported by 50 exhibits.

9. On March 13, 2019, the Court granted-in-part Plaintiff's motion, certifying a breach-of-contract class for the claim against Voya. Dkt. 110. In so doing, the Court found that Hanks was an adequate class representative. *Id.* at 8–9 ("Hanks states that she understands her duties as a class representative and has dedicated a significant amount of time to working with her attorneys on this litigation. She owns one of the insurance policies that was subject to the 2016 COI rate increase and understands the facts underlying the dispute. She states that she does not have any conflicts of interest with putative class members." (citations omitted)). The Court also appoint Susman Godfrey as Class Counsel pursuant to Rule 23(g):

> Hanks requests the appointment of Susman Godfrey L.L.P. as class counsel. Susman Godfrey was appointed as interim class counsel on February 9, 2017. The firm has provided competent representation for Hanks since this action's commencement. It has successfully conducted discovery and its submissions reflect knowledge of the law governing Hanks' claims and familiarity with class

> action procedures. Its performance in the present case demonstrates competence to protect the interests of the class.
>
> Hanks' counsel has significant experience litigating class actions. Plaintiff's counsel has demonstrated that it has adequate resources to litigate this action and is experienced in litigating class actions generally. The Court appoints Susman Godfrey as class counsel.

*Id.* at 20–21 (citations omitted). The Court denied the motion for class certification for the unjust enrichment claim against Lincoln. *Id.* at 16–20. The parties stipulated to a voluntary dismissal of Lincoln without prejudice. Dkts. 131–32.

10. The Court approved Plaintiff's proposed notice plan on April 23, 2019, finding the form and manner of notice proposed by Plaintiff met "the requirements of Rule 23 and due process, constitute[d] the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto." Dkt. 122. The Court also approved the retention of JND Legal Administration LLC ("JND") as the Notice Administrator. *Id.*

11. Pursuant to the Court's order (Dkt. 122), Voya provided Class Counsel with a list of Class Members and their last known addresses on May 23, 2019 (30 days from the Court's order approving notice), JND mailed the short-form notices on June 13, 2019 (21 days after receiving the list of addresses), and JND established a Notice website and case-specific toll-free number on June 13, 2019. *See* Dkt. 130. Also pursuant to the Court's order, the notice period ended on July 29, 2019 (45 days after mailing). The following policies validly and timely opted out of the class: F1526536, G1060228, G1066983, G1126564, G1194083, G1242387, G1366304, G1426106, U1003277, U1065745, U1151278, U1259092.

12. The parties next briefed summary judgment. Voya's motion for summary judgment was filed on September 12, 2019; Plaintiff's cross-motion for partial summary judgment and opposition was filed on November 6, 2019; Voya's opposition and reply was

filed on December 18, 2019; and Plaintiff's reply was filed on January 17, 2020. Dkts. 133–45, 148–152. Collectively, Plaintiff filed 100 pages of briefing supported by 83 exhibits.

13. On September 30, 2020, the Court denied Plaintiff's cross-motion for partial summary judgment and granted-in-part and denied-in-part Voya's motion for summary judgment. Dkt. 174. The Court granted summary judgment on some of Plaintiff's theories of breach, but held:

> Here, an issue of material fact remains as to whether the 2016 COI Adjustment was based on analysis of cost factors related to the in-force polices as mandated by the terms of the Policy or was based on Lincoln Life's profitability goals. Hanks puts forth evidence and expert opinions supporting its position that the 2016 COI Adjustment was based not on an evaluation of future cost factors, but was implemented on the basis of improper considerations with the aim of "increas[ing] anticipated future profitability." Voya disputes this evidence and has come forward with evidence and expert opinions tending to show that contractually proper future cost factors were the basis of the 2016 COI Adjustment. But at bottom these are disputed issues of material fact and the Court will deny Voya's motion for summary judgment.

*Id.* at 24–25 (citations omitted).

14. The parties next briefed pretrial motions *in limine*. The parties filed non-damages motions *in limine* on January 28, 2021; non-damages oppositions on February 25, 2021; damages motions *in limine* on March 5, 2021; non-damages replies on March 11, 2021; damages oppositions on April 5, 2021; and damages replies on April 19, 2021. Dkts. 189–212, 230–35, 241–43. The parties also filed supplemental briefing related to one of Voya's motions *in limine* on June 11, 2021. Dkts. 254–57. Collectively, Plaintiff filed nine motions *in limine* and opposed four motions *in limine*, supported by 112 pages of briefing and 49 exhibits. Plaintiff also filed a proposed verdict form, proposed voir dire questions, and proposed jury instructions on March 16, 2021. Dkts. 213–15, 217.

15. On April 27, 2021, the parties filed their Proposed Final Pretrial Order. Dkt. 244. It included witness lists, deposition designations, and exhibit lists. *Id.* The Final Pretrial

Conference was held on May 12, 2021. Dkts. 250–51. On August 31, 2021, the Court informed the parties that the matter was set as the backup trial for the week of December 6, 2021. Dkt. 263.

## MEDIATION AND SETTLEMENT

16. As stated above, I was one of the principal negotiators of the proposed class action settlement. Following extensive, arms-length, adversarial negotiations over multiple months between experienced and knowledgeable counsel on all sides, the parties entered into the Settlement Agreement (Exhibit 2) on January 5, 2022. It is the opinion of Class Counsel that this settlement is fair, adequate, and reasonable. The parties have mediated and exchanged numerous offers and counter-offers throughout the life of the case. The parties first mediated at the encouragement of the Court near the outset of the case on June 7, 2017 in New York with David Geronemus, Esq. This mediation did not result in any settlement. The parties again discussed settlement in 2019 after discovery was completed and certification was granted, and mediated with Nancy Lesser, Esq., which included in-person mediations in New York on November 13, 2019 and March 6, 2020. These mediation efforts also did not result in any settlement. The parties continued discussing settlement throughout 2020, and exchanged offers and counteroffers, but remained too far apart to enter into a settlement agreement. Before the Final Pretrial Conference, the parties met and conferred and agreed to mediate again before trial.

17. The final mediation occurred in person on August 11, 2021 with mediator Robert Meyer, Esq. at the JAMS Century City office in Los Angeles, California. Voya supplemented the damages data production, which allowed Plaintiff to determine overcharges through May 31, 2021 in advance of the mediation. *See* January 19, 2022 Declaration of Robert Mills ¶ 4. I

attended this mediation in person along with other members of my team, and Voya's and Lincoln's counsel appeared in person as well. The mediation lasted until late in the day. The parties were unable to reach an agreement but agreed to continue discussing settlement. The parties repeatedly met and conferred in September and October through and with the assistance of the mediator and exchanged offers and counteroffers. This ultimately resulted in the parties executing a Settlement Term Sheet on October 21, 2021 and the final Settlement Agreement (Exhibit 2) on January 5, 2022. By the time the settlement was reached, Class Counsel were well informed of material facts, and the negotiations were hard-fought and non-collusive.

18.     The specific terms and conditions of the settlement are set forth in the Settlement Agreement. The Settlement Agreement includes significant cash and non-cash relief. Pursuant to the Settlement Agreement, the Class will receive the benefit of a Settlement Fund of up to $92.5 million. Settlement Agreement § 42. Voya and Lincoln will also agree that "[f]or a period of five (5) years following the Final Approval Date," "COI rates on the Class Policies will not be increased above the current rate schedules implemented on June 1, 2016, unless Voya is ordered to do so by a state regulatory body" and they will "not take any legal action (including asserting as an affirmative defense or counter-claim), or cause to take any legal action, that seeks to void, rescind, cancel, have declared void, or seeks to deny coverage under or deny a death claim for any Class Policy based on: (1) an alleged lack of valid insurable interest under any applicable law or equitable principles; or (2) any misrepresentation allegedly made on or related to the application for, or otherwise made in applying for the policy." *Id.* §§ 49–50. In *Fleisher v. Phoenix Life Insurance Co.*, at final approval, Judge McMahon valued similar non-monetary benefits at $94.3 million ($61 million for a 5-year COI rate freeze and $33.3 million for the policy validity guarantee). 2015 WL 10847814, at *10 (S.D.N.Y. Sept. 9, 2015). The

Settlement Agreement provides that Class counsel may move for an award of attorneys' fees in an amount not to exceed 33% of the gross benefits provided to the Settlement Class—*i.e.*, monetary and non-monetary relief—plus reimbursement for all expenses incurred or to be incurred and any incentive awards. Class counsel, however, will file a motion for attorneys' fees in an amount not to exceed 33% of the gross monetary benefits only, viewed in isolation from the non-monetary benefits, plus reimbursement for all expenses incurred or to be incurred and any incentive awards. If approved, this amount will be deducted from the $92.5 million in the Settlement Fund after any reduction for Class members who opt out. If there are opt-outs and the $92.5 million payment is reduced (say, for example, to $81 million), Class counsel will still only seek attorneys' fees in an amount not to exceed 33% of the recalculated gross monetary benefits (in this example, 33% of $81 million which is $26.73 million). In addition, Class Counsel will seek reimbursement for expenses incurred or to be incurred, as well as an incentive award up to $25,000 for Helen Hanks for her service as the representative on behalf of the Settlement Class, to be paid from the Final Settlement Fund.

19. In exchange, the Settlement Class and certain related parties will release Voya, Lincoln, and certain related entities from "all Claims asserted in the Action or arising out of the facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act that were alleged or could have been alleged in the Action arising out of the facts alleged in the Action." *Id.* § 28.

20. The Settlement Class, however, will not release "new claims that could not have been asserted in the Action because they are based upon a future rate schedule increase in Voya's COI charges that occurs after October 20, 2021" or claims arising from Voya or

8

Lincoln's failure to pay any death benefits owed under the terms of the policies. *Id.* §§ 13, 62, 67.

21. The Settlement Agreement also gives Class Members a second chance to opt-out pursuant to Federal Rule of Civil Procedure 23(e)(4). The $92.5 million Settlement Fund will be reduced, on a *pro-rata* basis measured by the incremental COI charges collected by Voya and Lincoln from June 1, 2016 through May 31, 2021, for each policy that timely and validly opts out during the Rule 23(e)(4) opt-out period. *See* Settlement Agreement §§ 44–45. No portion of the Final Settlement Fund (*i.e.* the post-reduction amount) will revert back to Voya or Lincoln. *See id.* § 16.

22. Class Counsel has actively litigated this case for years—through fact and expert discovery, class certification, summary judgment, and pre-trial motions—and is well versed in all of the factual and legal issues posed by this litigation. Before mediation, Class Counsel took steps to ensure that we had all the necessary information to advocate for a fair, adequate, and reasonable settlement that serves the best interests of the Settlement Class. During mediation and in the settlement discussions that followed, Plaintiff aggressively advocated for the class, while taking into account the strengths and weaknesses of the claims asserted, the risks of continued litigation and trial, and the likelihood of recovery.

23. It is the opinion of Class Counsel that the $92.5 million Settlement Fund represents an excellent monetary recovery for the class. The non-monetary relief adds additional substantial value for the Class. This Settlement represents an especially great result because no part of the Final Settlement Fund (the amount after the *pro-rata* reductions for any opt-outs during the Federal Rule of Civil Procedure 23(e)(4) opt-out period) will be returned to Voya or Lincoln.

## PROPOSED NOTICE PLAN

24. Pursuant to the Settlement Agreement, Voya and Lincoln pre-approved JND as the Settlement Administrator and will not oppose Plaintiff's proposed form and manner of notice. *See* Settlement Agreement §§ 33, 51.

25. Plaintiff proposes substantially the same notice plan that was previously approved by the Court after class certification, including the appointment of JND as Settlement Administrator. *See* Dkt. 122. The technical details of the notice plan is described in the January 19, 2022 Declaration of Jennifer Keough, but the overall framework is described in the following paragraphs.

26. Voya and Lincoln will provide JND with address information for all potential members of the Settlement Class within 7 days of the Court's order preliminarily approving the settlement.

27. Within 30 days of the Court's order preliminarily approving the Settlement, JND will mail the short-form notice attached as Exhibit B to the Keough Declaration to Class Members.

28. Also within 30 days of the Court's order preliminarily approving the Settlement, JND will update the website used during class certification notice—https://www.voyacoilitigation.com—with the information contained in the Long-Form Notice attached as Exhibit C to the Keough Declaration. JND will also establish a toll-free automated telephone number.

29. The opt-out period is proposed to close 45 days after the mailing of the short-form notice.

## OTHER ISSUES

30. The proposed Plan of Allocation is attached as **Exhibit 4**.

31. Attached as **Exhibit 5** is a true and correct copy of the transcript from the May 12, 2021 final pretrial conference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of January, 2022 in New York, NY.

                                                         _/s/ Seth Ard_
                                                       Seth Ard
                                                       Susman Godfrey L.L.P.
                                                       1301 Avenue of the Americas, 32nd Floor
                                                       New York, NY 10019
                                                       Tel: 310-789-3100
                                                       Fax: 310-789-3150
                                                       sard@susmangodfrey.com
                                                       *Class Counsel*

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served on the following counsel, this January 19, 2022.

Alan B. Vickery
Boies Schiller Flexner LLP
333 Main Street
Armonk, New York 10504
Tel: (914) 749-8200
Fax: (914) 749-8300
avickery@bsfllp.com
efruchter@bsfllp.com

John F. LaSalle
Andrew Villacastin
Boies Schiller Flexner LLP
55 Hudson Yards
20th Floor
New York, NY 10001
Tel: (212) 446-2300
Fax: (212) 446-2350
jlasalle@bsfllp.com
avillacastin@bsfllp.com

Motty Shulman
Robin A. Henry
Glenn L. Radecki
Bryan McIntyre
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004-1980
(212) 859-8000 (telephone)
(212) 859-4000 (facsimile)
motty.shulman@friedfrank.com
robin.henry@friedfrank.com
glenn.radecki@friedfrank.com

*Attorneys for Voya Retirement Insurance and Annuity Company, formerly known as Aetna Life Insurance and Annuity Company*

                                            */s/ Michael Gervais*
                                              Michael Gervais