# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you own a universal life insurance policy issued by Aetna (now, Voya) that was subject to a COI rate increase announced in 2016, your rights and options may be affected by a class action settlement

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed settlement has been reached in a class action lawsuit called *Hanks v. Voya Retirement Insurance and Annuity Co.*, Case No. 16-cv-6399 (S.D.N.Y.) (the "Settlement").

- Plaintiff alleges that Defendant Voya Retirement Insurance and Annuity Company ("Voya"), formerly Aetna Life Insurance and Annuity Company ("Aetna"), breached its contracts with certain policy owners. In May 2016, policyholders were issued letters announcing that their insurance policies would be subject to cost of insurance ("COI") rate increases, and Plaintiff asserts those COI rate increases violated the terms of the policyholders' contracts, and that Plaintiff and members of the Class have been damaged, as a result. Voya denies Plaintiff's claims and asserts multiple defenses, including that Voya's challenged actions are lawful, justified, and have not harmed Plaintiff or caused any damages.

- If the Court approves the Settlement, Settlement Class members will be eligible to receive payment from a cash settlement fund of up to $92.5 million, as further detailed in Question 10.

- In addition, for the five years following Final Approval of the Settlement, Voya and its administrator and reinsurer the Lincoln Life & Annuity Company of New York ("Lincoln") agree that COI rates on the Class Policies will not be increased above the current rate schedules implemented on June 1, 2016, unless Voya is ordered to do so by a state regulatory body or unless the adjustments comply with the terms of the policy. Voya and Lincoln also agree that it will not take certain legal action or assert certain legal defenses challenging death claims for any Settlement Class member as outlined in the Settlement Agreement available at www.voyacoilitigation.com.

- You are entitled to be a Settlement Class member if you own or owned certain universal life (including variable universal life) policies issued between 1983 and 2000 by Aetna (now Voya) that was subject to a COI Rate Increase announced in 2016, and did not previously opt-out of the Class. Your legal rights are affected whether or not you act. **Please read this notice carefully**.

| YOUR LEGAL RIGHTS AND OPTIONS | | |
|---|---|---|
| **DO NOTHING** | • Get certain benefits from the Settlement — Receive a payment in the mail if you are entitled to one<br>• Be bound by the Settlement<br>• Give up your right to sue or continue to sue Voya and Lincoln for the claims in this case | |
| **ASK TO BE EXCLUDED ("OPT OUT")** | • Remove yourself from the Settlement Class<br>• Get no benefits from the Settlement<br>• Keep your right to sue or continue to sue Voya and Lincoln, at your own expense, for the claims in this case | Postmarked by **[MONTH, DATE], 2022** |
| **OBJECT** | • Tell the Court what you do not like about the Settlement. The purpose of an objection to the Settlement is to persuade the Court not to approve the proposed Settlement. A successful objection to the Settlement means that the objector and other members of the Class are not bound by the Settlement. | Filed and served by **[MONTH, DATE], 2022** |

• These rights and options—**and the deadlines to exercise them**—are explained in this notice. The deadlines may be moved, cancelled, or otherwise modified, so please check www.VoyaCOILitigation.com regularly for updates and further details.

• The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**................................................................................PAGE 4
    1.   Why was this Notice issued?
    2.   What is this lawsuit about?
    3.   Which life insurance policies are affected by the lawsuit?
    4.   What is a class action and who is involved?
    5.   Why is this lawsuit a class action?
    6.   Why is there a Settlement?

**THE SETTLEMENT CLASS**........................................................................PAGE 5
    7.   Am I part of the Settlement Class?
    8.   Are there exceptions to being included?
    9.   What if I am still not sure if I am included?

**SETTLEMENT BENEFITS – WHAT SETTLEMENT CLASS MEMBERS GET**.......PAGE 6
    10.  What does the Settlement provide?
    11.  What am I giving up by staying in the Settlement?

**HOW TO GET A PAYMENT**........................................................................PAGE 7
    12.  How can I get a payment?
    13.  When will I get my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.........................................PAGE 7
    14.  How do I ask to be excluded?
    15.  If I don't exclude myself, can I sue the Voya or Lincoln for the same thing later?
    16.  If I exclude myself, can I still get a Settlement payment?

**THE LAWYERS REPRESENTING YOU**...........................................................PAGE 8
    17.  Do I have a lawyer in this case?
    18.  How will the lawyers be paid?
    19.  Should I get my own lawyer?

**OBJECTING TO THE SETTLEMENT**..............................................................PAGE 9
    20.  How can I tell the Court if I do not like the Settlement?
    21.  What is the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING**............................................................PAGE 10
    22.  When and where will the Court decide whether to approve the Settlement?
    23.  Do I have to come to the hearing?
    24.  May I speak at the hearing?

**IF YOU DO NOTHING**..............................................................................PAGE 11
    25.  What happens if I do nothing at all?

**GETTING MORE INFORMATION**.................................................................PAGE 11
    26.  How can I get more information?

## BASIC INFORMATION

**1.  Why was this Notice issued?**

You have a right to know about a proposed settlement and your rights and options before the Court decides whether to approve the Settlement.

Judge P. Kevin Castel of the United States District Court for the Southern District of New York is in charge of this case. The case is called *Hanks v. Voya Retirement Insurance and Annuity Co.,* Case No. 16-cv-6399 (S.D.N.Y.). The individual who sued is Plaintiff Helen Hanks. The company she sued, Voya, formerly Aetna, is called the Defendant.

**2.  What is this lawsuit about?**

The class action lawsuit alleges that Voya breached its contracts with certain policy owners. In May 2016, policyholders were issued letters announcing that their insurance policies would be subject to COI rate increases, and Plaintiff asserts those COI rate increases violated the terms of the policyholders' contracts, and that Plaintiff and members of the Settlement Class have been damaged, as a result. Voya denies these claims; however, both sides have agreed to the Settlement to avoid the risks, costs, and delays of further litigation including an appeal so that people affected will get a chance to receive compensation.

**3.  Which life insurance policies are affected by the lawsuit?**

On March 13, 2019, the United States District Court for the Southern District of New York granted Plaintiff's motion for class certification for breach of contract against Voya. The Court certified a class of policyowners on March 13, 2019. The Class consisted of all owners of universal life (including variable universal life) insurance policies issued by Aetna that were subject to the COI rate increase announced in 2016. Excluded from the Class are Class Counsel and their employees; Voya and Lincoln; officers and directors of Voya and Lincoln, and members of their immediate families; the heirs, successors or assigns of any of the foregoing; the Court, the Court's staff, and their immediate families. Also excluded from the Class are the twelve policies that, after the Class was certified, validly opted out from the Class.

**4.  What is a class action and who is involved?**

In a class action, one person called a "Class Representative," here Plaintiff Helen Hanks, sues on behalf of all individuals who have a similar claim and together they are called the "class" or "class members." Bringing a case, such as this one, as a class action allows resolution of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court resolves the issues for all class members, except for those who validly exclude themselves from the class.

**5.  Why is this lawsuit a class action?**

In a March 13, 2019 order, the Court decided that the breach of contract claim against Voya in this lawsuit can proceed as a class action because, at that point of the lawsuit, it met the requirements of Rule 23 of the Federal Rules of Civil Procedure, which governs class actions in federal court. The Court found that:

- There are numerous Class Members whose interests will be affected by this lawsuit;
- There are legal questions and facts that are common to each of them;
- The Class Representative's claims are typical of the claims of the rest of the Class;

- The Class Representative and the lawyers representing the Class will fairly and adequately represent the interests of the Class;
- A class action would be a fair, efficient and superior way to resolve this lawsuit;
- The common legal questions and facts predominate over questions that affect only individual Class Members; and
- The Class is ascertainable because it is defined by identifiable objective criteria.

In certifying the Class, the Court appointed Susman Godfrey LLP as Class Counsel.

For more information, visit the Important Documents page of the website at www.VoyaCOILitigation.com.

| 6. Why is there a Settlement? |
|---|

Voya and Lincoln, Voya's administrative agent and reinsurer, deny any and all liability or wrongdoing of any sort with regard to the 2016 COI rate increase. Instead, the parties, with the assistance of an experienced mediator, Robert Meyer, Esq. of JAMS, have agreed to the Settlement. The parties want to avoid the risks, costs, and delays of further litigation. The Court has not decided in favor of the Plaintiff or Defendant. Plaintiff and Class Counsel think the Settlement is in the best interests of the Settlement Class and is fair, reasonable, and adequate.

# THE SETTLEMENT CLASS

| 7. Am I part of the Settlement Class? |
|---|

The Settlement Class consists of all owners of universal life (including variable universal life) insurance policies issued by Aetna, now known as Voya, that were subject to the COI increase announced in 2016, except as described below.

| 8. Are there exceptions to being included? |
|---|

Yes. Specifically excluded from the Settlement Class are Voya and Lincoln, their officers and directors, members of their immediate families, and the heirs, successors or assigns of any of the foregoing, the Court, the Court's staff, and their immediate families, Class Counsel and their employees and the twelve polices that timely and validly opted-out after Class Certification (the "Class Opt-Outs").

In addition, policyowners have an opportunity to request exclusion from the Settlement, as described below. Policyowners that timely and validly request exclusion will not be part of the Settlement Class and will not be entitled to any of its benefits.

If an individual or entity is the owner of both a Class Opt-Out and a policy in the Settlement Class, the owner is included in the Settlement Class with respect to the policy in the Settlement Class but not with respect to any Class Opt-Outs. If an owner (such as a securities intermediary or trustee) owns multiple policies on behalf of different principals, that owner may stay in or opt-out of the Settlement Class separately for each policy.

**9.  What if I am still not sure if I am included?**

If you're still not sure whether you are a Settlement Class member, please visit the website, www.VoyaCOILitigation.com, call the Settlement Administrator toll-free at 1-833-759-2984, or write to:

Voya (f/k/a Aetna) COI Life Insurance Settlement Administrator
c/o JND Legal Administration
P.O. Box 91208
Seattle, WA 98111

## SETTLEMENT BENEFITS – WHAT SETTLEMENT CLASS MEMBERS GET

**10.  What does the Settlement provide?**

A Settlement Fund of $92.5 million will be established for Settlement Class members. The Settlement Fund will be reduced proportionally if there are any opt-outs from the Settlement Class.  After payment of the cost to administer the Settlement Fund as well as attorneys' fees and expenses and the payments to the Class Representative (*see* Question 18 below), the Settlement Administrator will distribute the remaining amounts to Settlement Class members in proportion to their share of the overall COI overcharges collected from the Settlement Class through May 2021.  No portion of the Settlement Fund will be returned to Voya or Lincoln.

Voya and Lincoln have also agreed <u>not</u> to:

- Raise COI rates on policies covered by the Settlement for a period of five years, unless ordered to do so by a state regulatory body.
- Cancel, void, rescind, or deny a death claim submitted under the Settlement Class members' policies or contest the validity of a policy based on:
  - An alleged lack of valid insurable interest under any applicable law or equitable principles; or
  - Any misrepresentation allegedly made on or related to the application for, or otherwise made in applying for the policy.

More details are in a document called the Settlement Agreement, which is available at www.VoyaCOILitigation.com.

**11.  What am I giving up by staying in the Settlement?**

If you are a Settlement Class member, unless you exclude yourself from the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against Voya and Lincoln about the facts that arise from the same factual predicate of the claims released in this Settlement. It also means that all the decisions by the Court will bind you. The Released Claims and Released Parties are defined in the Settlement Agreement. They describe the legal claims that you give up if you stay in the Settlement. The Settlement Agreement is available at www.VoyaCOILitigation.com.

## HOW TO GET A PAYMENT

| 12.  How can I get a payment? |
|---|

You will automatically receive a payment in the mail if you are entitled to one. No claims need to be filed.

| 13.  When will I get my payment? |
|---|

Payments will be mailed to Settlement Class members after the Court grants "final approval" of the Settlement and after all appeals are resolved. If the Court approves the Settlement, there may be appeals. It's always uncertain whether these appeals can be resolved and resolving them can take time. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from the Settlement or you want to keep the right to sue or continue to sue Voya and Lincoln on your own about the claims released in this Settlement, then you must take steps to get out. This is called excluding yourself—or it is sometimes referred to as "opting out" of the Settlement.

| 14.  How do I ask to be excluded? |
|---|

To exclude yourself (or "opt-out") of the Settlement, you must complete and mail to the Settlement Administrator a written request for exclusion. The exclusion request must include the following:

- Your full name, address, telephone number, and email address (if any);
- A statement saying that you want to be excluded from the Settlement Class;
- The case name (Hanks v. Voya Retirement Insurance and Annuity Co.);
- The policy number(s) to be excluded; and
- Your signature.

You must mail your exclusion request **postmarked by [MONTH, DATE] 2022** to:

Voya (f/k/a Aetna) COI Life Insurance Settlement Administrator - Exclusions
c/o JND Legal Administration
P.O. Box 91208
Seattle, WA 98111

If you own multiple policies that are included in the Settlement Class, you may request to exclude some policies from the Settlement Class while participating in the Settlement Class with respect to other policies.

**IF YOU DO NOT EXCLUDE YOURSELF BY THE DEADLINE ABOVE, YOU WILL BE PART OF THE SETTLEMENT CLASS AND BE BOUND BY THE ORDERS OF THE COURT IN THIS LAWSUIT.**

**15.  If I don't exclude myself, can I sue Voya or Lincoln for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Voya and Lincoln for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Settlement to continue your own lawsuit. If you properly exclude yourself from the Settlement, you will not be bound by any orders or judgments entered in the Action relating to the Settlement.

**16.  If I exclude myself, can I still get a Settlement payment?**

No. You will not get any money from the Settlement if you exclude yourself.

## THE LAWYERS REPRESENTING YOU

**17.  Do I have a lawyer in this case?**

Yes. The Court has appointed the following lawyers as "Class Counsel."

| | |
|---|---|
| Steven G. Sklaver | Seth Ard |
| Kalpana Srinivasan | Ryan Kirkpatrick |
| Michael Gervais | SUSMAN GODFREY LLP |
| Nicholas N. Spear | 1301 Avenue of the Americas, 32nd Floor |
| SUSMAN GODFREY LLP | New York, NY 10019 |
| 1900 Avenue of the Stars, Suite 1400 | sard@susmangodfrey.com |
| Los Angeles, CA 90067-6029 | rkirkpatrick@susmangodfrey.com |
| ssklaver@susmangodfrey.com | Telephone: 212-336-8330 |
| ksrinivasan@susmangodfrey.com | |
| mgervais@susmangodfrey.com | |
| nspear@susmangodfrey.com | |
| Telephone: 310-789-3100 | |

**18.  How will the lawyers be paid?**

The Court will determine how much Class Counsel will be paid for fees and expenses.  Class Counsel will file a motion seeking an award for attorneys' fees not to exceed 33% of the Final Settlement Fund, which equals the gross monetary fund (that is, the total cash fund) after any reduction in the amount of the Settlement Fund due to any opt-outs from the Settlement Class. For example, if no one opts out from the Settlement Class, then the Final Settlement Fund will equal the entire $92.5 million, and Class Counsel will file a motion seeking an award for attorneys' fees that will not exceed $30,525,000, which is 33% of the Final Settlement Fund in this example. If there are opt-outs from the Settlement Class, then the Final Settlement Fund will be reduced on a pro-rata basis, and Class Counsel will seek an award for attorneys' fees from that reduced amount that will also not exceed 33% of the Final Settlement Fund.  For example, if the Final Settlement Fund is reduced to $81 million as a result of opt-outs, Class Counsel will seek an award for attorneys' fees not to exceed $26.73 million, which is 33% of the Final Settlement Fund in this example. In addition to seeking an award for attorneys' fees, Class Counsel will seek reimbursement for expenses incurred or to be incurred in connection with the Settlement, as well as an incentive award up to $25,000 for Helen Hanks for her service as the representative on behalf of the Settlement Class, to be paid from the Final Settlement Fund. You will not be responsible for direct payment of any of these fees, expenses, or awards.

| 19.  Should I get my own lawyer? |
|---|

If you stay in the Settlement Class, you do not need to hire your own lawyer to pursue the claims against Voya and Lincoln because Class Counsel is working on behalf of the Settlement Class. However, if you want to be represented by your own lawyer, you may hire one at your own expense and cost.

## OBJECTING TO THE SETTLEMENT

| 20.  How can I tell the Court if I do not like the Settlement? |
|---|

Any Settlement Class Member who does not timely and properly opt out of the Settlement may object to the fairness, reasonableness, or adequacy of the proposed Settlement. Settlement Class members who wish to object to any term of the Settlement must do so, in writing, by filing a written objection with the Court, and serving copies on Class Counsel and Counsel for Defendant. The written objection must include:

- Your full name, address, telephone number, and email address (if any);
- The policy number(s);
- A written statement of all grounds for the objection accompanied by any legal support for the objection (if any);
- Copies of any papers, briefs, or other documents upon which the objection is based;
- A statement of whether you intend to appear at the Fairness Hearing; and
- Your or your counsel's signature.

If you intend to appear at the Fairness Hearing through counsel, the written objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Your objection, along with any supporting material you wish to submit, must be filed with the Office of the Court, with a copy served on Class Counsel and Counsel for Defendant by **[MONTH, DAY], 2022** at the following addresses:

| Clerk of the Court | Class Counsel |
|---|---|
| Office of the Clerk<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl St.<br>New York, NY 10007-1312 | Steven G. Sklaver<br>Kalpana Srinivasan<br>Michael Gervais<br>Nicholas N. Spear<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029<br><br>Seth Ard<br>Ryan Kirkpatrick<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas,<br>32nd Floor<br>New York, NY 10019 |

| Counsel for Defendant | Counsel for Defendant |
|---|---|
| Alan B. Vickery<br>Boies Schiller Flexner LLP<br>333 Main Street<br>Armonk, New York 10504<br>Tel: (914) 749-8200<br>Fax: (914) 749-8300<br><br>John F. LaSalle<br>Andrew Villacastin<br>Boies Schiller Flexner LLP<br>55 Hudson Yards<br>20th Floor<br>New York, NY 10001<br>Tel: (212) 446-2300<br>Fax: (212) 446-2350 | Motty Shulman<br>Robin A. Henry<br>Glenn L. Radecki<br>Bryan McIntyre<br>Fried, Frank, Harris, Shriver &<br>Jacobson LLP<br>One New York Plaza<br>New York, New York 10004-1980<br>(212) 859-8000 (telephone)<br>(212) 859-4000 (facsimile) |

### 21.  What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. The purpose of an objection to the Settlement is to persuade the Court not to approve the proposed Settlement. A successful objection to the Settlement means that the objector and other members of the Class are not bound by the Settlement. Excluding yourself from the Settlement is telling the Court that you don't want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

# THE COURT'S FAIRNESS HEARING

### 22.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing on [MONTH, DAY] 2022 at [TIME] ET, at the [COURT HOUSE ADDRESS]. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider how much to pay and reimburse Class Counsel and any incentive award payment to Helen Hanks. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 23.  Do I have to come to the hearing?

No. But you or your own lawyer may attend at your expense. If you submit an objection, you don't have to come to Court to talk about it. As long as you filed and served your written objection on time to the proper addresses, the Court will consider it.

### 24.  May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear." Your request must state your name, address, and telephone number, as well as the name, address, and telephone number of the person that will

appear on your behalf. Your request must be filed with the Clerk of the Court and served on Class Counsel and Defendant's Counsel no later than [MONTH, DAY] 2022.

## IF YOU DO NOTHING

| 25. What happens if I do nothing at all? |
| --- |

If you do nothing, you will automatically receive a payment from the Settlement. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Voya and Lincoln about the legal issues that arise from the same factual predicate of this case, ever again.

## GETTING MORE INFORMATION

| 26. How can I get more information? |
| --- |

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement, available at www.VoyaCOILitigation.com. You can also call the Settlement Administrator toll-free at 1-833-759-2984, or write to:

Voya (f/k/a Aetna) COI Life Insurance Settlement Administrator
c/o JND Legal Administration
P.O. Box 91208
Seattle, WA 98111

**PLEASE DO <u>NOT</u> CONTACT THE COURT**
