UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN HANKS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VOYA RETIREMENT INSURANCE AND ANNUITY COMPANY, formerly known as Aetna Life Insurance and Annuity Company,<br><br>Defendant. | Civil Action No. 16-cv-6399 (PKC) |

**FINAL JUDGMENT**

WHEREAS, Plaintiff Helen Hanks, on behalf of herself and the certified class, entered into a settlement (the "Settlement") with Defendant Voya Retirement Insurance and Annuity Company and Lincoln Life & Annuity Company of New York;

WHEREAS, on February 3, 2022, the Court entered its Order Preliminarily Approving Class Action Settlement (Dkt. 286) ("Preliminary Approval Order"). Among other things, the Preliminary Approval Order authorized Class Counsel to disseminate notice of the Settlement, the fairness hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order (Dkts. 289–90), and the Court held a fairness hearing on June 29, 2022, at 2:00 p.m; and

WHEREAS, on June 29, 2022, the Court approved the Class Action Settlement and awarded attorneys' fees, costs, and Settlement Administration Expenses ("Final Approval Order").

1

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement (Dkt 299-2), which is incorporated herein by reference.

2. This Final Judgment shall apply to and bind the Releasing Parties as defined and set forth in Section 30 of the Settlement Agreement.

3. This Final Judgment shall apply to the Settlement Class with the exception of the following four policies that submitted timely and valid requests to be excluded from the Settlement Class: F1516575; F1516576; G1122526; G1595655. The individuals or entities that own these policies are not included in or bound by this Final Judgment, solely as it relates to the above referenced policies, and are not entitled to any recovery from the settlement proceeds obtained through this Settlement with respect to the above policies. To the extent an individual or entity owns both a policy that is excluded from the Settlement Class and a policy that is included in the Settlement Class, such individual or entity shall be bound by this Final Judgment in connection with any policies included in the Settlement Class. For the avoidance of doubt, such individuals or entities shall not be bound by this Final Judgment to the extent it relates to policies that are excluded from, or otherwise not a part of, the Settlement.

4. This Court has jurisdiction over the subject matter of this action and the Releasing Parties are subject to this Court's jurisdiction for purposes of implementing and enforcing the Settlement, bar order, and releases contained herein.

5. This Final Judgment shall operate as a complete and permanent bar order that discharges and releases the Released Claims by the Releasing Parties as to all the Released Parties. The Released Claims do not include the Excluded Claims.

6. The Releasing Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties of and from all Released Claims including Unknown Claims, which are expressly deemed waived and released by operation of this Final Judgment.

7. The institution, maintenance and prosecution by any of the Releasing Parties, either directly, individually, representatively, derivatively or in any other capacity, by whatever means, of any other action against the Released Parties in any court, or in any agency or other authority or arbitral or other forum wherever located, asserting any of the Released Claims is permanently and completely barred, enjoined, and restrained.

8. The applicability of this Final Judgment and the bar order and releases contained herein shall not be dependent on a Releasing Party's actual receipt of any settlement proceeds obtained through this Settlement.

9. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. Within 30 calendar days after the Final Settlement Date, the Settlement Administrator shall calculate each Settlement Class Member's distribution pursuant to the plan of allocation proposed by Class Counsel and approved by the Court (Dkt. 299-5) and send for delivery by U.S. mail a settlement check in the amount of the share of the Net Settlement Fund to which he/she/it is entitled.

11. The Releasing Parties are permanently barred, enjoined and restrained from making any claims against the Settlement Fund, including the Final and Net Settlement Funds, and all persons, including the Settlement Administrator, Plaintiff and Class Counsel, Defendant, Lincoln, and their Counsel, are released and discharged from any claims arising out of the administration, management or distribution of the Settlement Fund.

12. There is no just reason for delay in directing entry of a Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

13. The Settlement Fund Account into which Defendant and/or Lincoln will deposit the amount of the Final Settlement Fund is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

14. Settlement Administration Expenses may be paid out of the Final Settlement Fund as they become due, subject to the terms of the Settlement.

15. Neither the fact nor substance of the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as a presumption, inference or admission of fault, liability, injury or wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

16. The Action is dismissed with prejudice as to Defendant and, except as provided in the Final Approval Order, without costs to either party.

17. Without affecting the finality of this Final Judgment, the Court specifically retains continuing and exclusive jurisdiction over the enforcement of this Final Judgment and bar order and the enforcement of the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement Agreement.

5

ENTERED this 7th day of July 2022.

                                                                               P. Kevin Castel
                                                                  United States District Judge